In re **NORTHERN STAR INDUSTRIES, INC., Debtor.**

No. CV 84–0203.

United States District Court, E.D. New York.

April 25, 1984.

Holland & Zinker, Smithtown, N.Y., for appellant Wardam.

Shaw, Goldman, Licitra, Levine & Weinberg, Garden City, N.Y., for appellee trustee.

Jules Speciner, Neck, N.Y., for appellee Bletter.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an appeal by Wardam Steel Corporation from an order issued December 13, 1983 by United States Bankruptcy Judge Boris Radoyevich, which authorized the trustee in bankruptcy to sell certain real property to one Sydney Bletter for $183,000 plus $2,000 to be applied toward real estate taxes.

### FACTS

On September 15, 1983, Wardam forwarded to the trustee in bankruptcy a formal offer of $175,000 for certain real property. In accord with a previous request by the trustee, the offer was accompanied by a check in the amount of $17,500, representing a 10% deposit on the offer. The offer was for the property free of all liens. The trustee then negotiated with certain secured creditors in order to reach an agreement whereby liens upon the proceeds of the proposed sale would be substituted for liens upon the real property itself. On October 27, 1983, the trustee issued to all creditors a "Notice of Intended Sale", which read as follows:

Notice is hereby given that after November 17, 1983, the Trustee of the above-captioned Debtor intends to sell, pursuant to section 363(b) of the Bankruptcy Code, the real property of the estate located at the North Side of Muncy Avenue, Babylon, New York, District 100, Section 215, Block 14, to Wardam Steel Corp. for the sum of $175,000, cash, free and clear of liens, with liens, if any, to attach to proceeds.

The Trustee is holding $17,500.00, received from Wardam Steel Corp., as a deposit for this intended sale.

This Notice is given in order to permit parties in interest an opportunity to object to the intended sale of this property. Objections must be in writing and filed with the Bankruptcy Court at 1635 Privado Road, Westbury, New York 11590, with copies to the undersigned on or before November 10, 1983 at 5:00 p.m. Objections so filed will be heard before the Hon. Boris Radoyevich on November 17, 1983, at 10:30 a.m. at the Courthouse referred to above.

Also on October 27, 1983, the trustees issued to all creditors a "Notice of Compromise with Secured Creditor" setting forth a proposed agreement between the trustee and a creditor holding a lien upon the debtor's real property, whereby the secured creditor would receive the proceeds of the proposed sale. This notice explicitly stated that a hearing regarding the proposed compromise would be held November 17, 1983, regardless of whether or not objections to the proposed compromise were filed.

Wardam's offer was subsequently increased to $180,000 due to an investigation into the taxes due from the estate.

No objections were filed to the proposed sale. Objections to the proposed compromise were filed by the secured creditor's *own* creditors, who desired that the proceeds of the sale be paid directly to them, but did not object to the sale itself.

On November 17, 1983, a hearing was held at which Wardam did not appear. As the Bankruptcy Court was about to approve the proposed sale, an attorney for one Sydney Bletter (who had had no previous connection with the case) announced that his client was willing to offer $183,000 for the property. After ascertaining that Wardam was not represented at the hearing, the court stated: "This is a hearing to consider an offer. If the offeror doesn't see fit to be here, I'm going to take the higher offer", to which the trustee's attorney responded "I understand." The Court then stated "Offer approved ... Submit order ...". The Court instructed the trustee's attorney: "Before you make any distribution of funds, Miss Carter, I will suggest that you do it on notice. We have a hearing on notice. Address it to all of those creditors and we'll iron it out all at that time."

Immediately following the hearing, the trustee induced an increase in Mr. Bletter's

offer to $185,000 to cover a portion of the taxes due. Mr. Bletter gave the trustee a check in the sum of $18,300 as a good faith deposit. It appears that the trustee believed that the court had not actually accepted Mr. Bletter's offer, but had merely authorized Mr. Bletter to make an offer, and that final acceptance of the offer would have to await notice to the creditors. Accordingly, on November 22, 1983, the trustee issued a second "Notice of Intended Sale", stating that objections to the sale must be filed by December 8, 1983, and that such objections would be heard December 13, 1983.

Wardam then filed objections to the sale. Wardam stated that, in reliance upon the fact that no objections had been filed to the original proposed sale, Wardam had ordered a title search, and had made improvements worth $15,088 upon the property. Wardam further stated: "[w]ith respect to the current offer to purchase, WARDAM STEEL CORP. hereby tenders a like offer of $185,000 ..."

On December 13, 1983, a second hearing was held. The Court stated that the Court's approval of Mr. Bletter's bid on November 17, 1983, constituted final acceptance of the offer. In response to Wardam's argument that Wardam had failed to appear at the November 17 hearing only because no objections to the proposed sale had been filed, the court stated that Mr. Bletter was not a creditor and was therefore not required to file any objection, and that Wardam should have appeared at the hearing to protect its interest.

The court thereupon issued a written order authorizing the sale to Mr. Bletter, from which Wardam appeals. The sale has been stayed pending this appeal.

## DISCUSSION

There are three possible dispositions of this case. First, we may authorize the trustee to sell the property to Wardam for $180,000. Second, we may authorize the trustee to sell the property to Mr. Bletter for $185,000. Third, we may permit Wardam and Mr. Bletter (and possibly others as well) to bid on the property.

■ We find that the Bankruptcy Court's decision to permit Mr. Bletter to make an offer for the property was inequitable, and that the trustee should therefore be authorized to sell the property to Wardam for $180,000.

■ We begin by noting that, independently of the question of whether the Bankruptcy Court's decision to permit Mr. Bletter to *make* an offer was inequitable, the Bankruptcy Court's decision to *accept* that offer without notice to Wardam was inequitable. Contrary to the Bankruptcy Court's assertion on November 17, 1983 that "[t]his is a hearing to consider an offer", the sole purpose of the hearing was to consider the proposed "Compromise With Secured Creditor". The trustee's first "Notice of Intended Sale" stated that objections to the sale must be filed by November 10, 1983, and that "[o]bjections so filed will be heard before the Hon. Boris Radoyevich on November 17, 1983 ...", but in no way stated that any proceedings concerning the proposed sale would take place in the absence of the filing of such objections. Further, it is well settled (and Mr. Bletter has not denied), that although 11 U.S.C. Section 363(b) authorizes the trustee to sell property "after notice and hearing", no hearing is required where (as here) all parties were timely notified of the proposed sale and none objected. Under 11 U.S.C. Section 102(1)(B)(i), the phrase "after notice and a hearing" authorizes an act without an actual hearing if notice is properly given and such a hearing is not requested timely by a party in interest. Consequently, Wardam had no reason to believe that its interests would be jeopardized by its non-appearance at the hearing held November 17, 1983, and it would be unfair to penalize Wardam for such non-appearance. It may be argued that reversal of the Bankruptcy Court order authorizing sale of the property to Mr. Bletter would be inequitable to Mr. Bletter. However, Mr. Bletter, who was represented at the hearing held November 17, 1983, was on notice of the fact that Wardam had made an offer for the property, that a "Notice of Intended Sale" of the property to Wardam had been issued by the trustee, and that

the order of the Bankruptcy Court authorizing the sale was subject to appeal. Further, the record suggests that Wardam has undertaken significant expenses in reliance upon the absence of objections to the proposed sale of the property to Wardam.

The foregoing analysis shows that, at the very least, Wardam should be given an opportunity to bid on the property. We find, however, that the Bankruptcy Court erred by permitting Mr. Bletter even to *make* an offer, and that the trustee should therefore be authorized to sell the property to Wardam. By issuing the first "Notice of Intended Sale", the trustee gave Wardam a legitimate expectation that, in the absence of objections to the proposed sale, the property would be sold to Wardam. This expectation was strengthened when Wardam learned that no objections to the proposed sale had been filed. Wardam then made significant expenditures in reliance upon this expectation. Although 11 U.S.C. Section 363(b) requires a "hearing" upon objections to a proposed sale, no mention is made of interference with a proposed sale by the Bankruptcy Court acting on its own initiative in the absence of objections to the proposed sale. While we do not mean to imply that the Bankruptcy Court can never interfere with a proposed sale in the absence of objections to such sale by parties in interest, we believe that equitable considerations require that the Bankruptcy Court exercise extreme caution in this regard. Although it is desirable that the trustee obtain as high a price as possible for property of the estate, a general policy of preventing a trustee's proposed sale whenever a better offer comes along will discourage potential buyers from entering into negotiations with trustees, thereby driving down the market value of bankruptcy estate property in general.

The order of the Bankruptcy Court appealed from is reversed. The trustee is authorized and directed to sell the property in question to Wardam Steel Corporation for $180,000.

SO ORDERED.