In re VANTAGE PETROLEUM CORP., Debtor.

George W. HUDTWALKER, Jr., Chapter 11 Trustee for Vantage Petroleum Corp., Plaintiff,

v.

Salim EJAZ, Carolyn, Stuam, Northville Consolidated Corp., Sid Farber, County of Nassau, State of New York, Internal Revenue Service, John Does & Jane Does, Being Individuals, Partnerships, Corporations Or Other Entities Whose Real Names Are Unknown Which May Have An Interest In Property To Be Sold, Defendants.

Bankruptcy No. 882–81962–20.
Adv. No. 885–0064–20.

United States Bankruptcy Court, E.D. New York, Westbury Division.

July 19, 1985.

Jules V. Speciner, Great Neck, N.Y., for Purchaser, Saul Weinberger.

Cohn and Foley, P.C., Baldwin, N.Y., for Terra Homes, Inc.

Harvis & Zeichner, New York City, for trustee.

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the affidavits of Anthony Citarelli and Robert Foley, Esq., on behalf of Terra Homes, Inc. ("Terra Homes") requesting the recission of the court's approval of a contract of sale for a parcel of debtor's real property. Upon consideration of the pleadings, oral argument, and applicable law, the request is denied.

FACTS

The facts are not in dispute. On or about August 14, 1984, the trustee for the debtor Vantage Petroleum, Inc., ("Vantage"), and Mr. Citarelli's corporation, Terra Homes, entered into a contract for the sale of the subject property for $150.000. The contract provided that the sale was subject to the approval of this court. On March 19, 1985, the trustee filed a complaint seeking said approval. The court ordered that objections to the proposed sale be made by April 17, 1985, and that a hearing on objections be held on April 25, 1985. The court further ordered the trustee to issue notice of the proposed sale to the debtors, named creditors, and to other creditors by publication in *Newsday.*

Subsequently, Mr. Foley, counsel to Terra Homes called trustee's counsel. Trustee's counsel told Mr. Foley that other bidders were interested in the property and that a hearing was scheduled to consider higher offers. Trustee's counsel states that he told Mr. Foley that the hearing was to be held on April 25, 1985. Mr. Foley simultaneously made an entry in his diary on the page entitled April 26, 1985.

A hearing was held as scheduled on April 25, 1985 to consider Terra Homes' offer of $150,000. Mr. Foley did not appear. Higher bids were heard, and ultimately the trustee recommended sale of the property to a Mr. Weinberger for $231,000. The court signed an order approving the sale the same day. Mr. Foley learned of the completed sale on the afternoon of April 25, 1985, and immediately informed Terra Homes. On May 14, 1985, Mr. Foley and Mr. Citarelli filed affidavits on behalf of Terra Homes in support of an order to vacate the sale and reopen the bidding.

DISCUSSION

The matter is before the court due to an honest mistake by either Mr. Foley in recording the date of the sale, or by trustee's counsel in communicating the date of the sale. The court cannot determine on whose part the mistake was made, but in the context of this bankruptcy proceeding, Mr. Citarelli's corporation, Terra Homes must suffer the consequences.

Terra Homes filed its affidavits and Order to Show Cause eight days beyond the deadline for a motion for amendment of judgment and the court must therefore

deny the relief sought for procedural reasons alone. Bankruptcy Rule 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure, which states that motions for a new trial and amendment of judgment must be served within ten days of the entry of judgment. In this case the order approving sale was signed on April 25, 1985, but the affidavits requesting relief were not filed until May 14, 1985, eighteen days later.

■ Had Terra Homes complied with the procedural rule for amending a judgment the court would nevertheless be constrained to uphold its prior order, inasmuch as Mr. Foley is solely at fault for his failure to receive notice.

In liquidating property of a bankruptcy estate outside the regular course of business, the Bankruptcy Code and the Bankruptcy Rules require notice of sale and a hearing before the court. 11 U.S.C. § 363(b); Bankruptcy Rule 6004(a). The notice of sale for property such as the subject real estate must be served by the court (or served by others whom the court directs) upon (1) the debtor, (2) the trustee, (3) all creditors, and (4) others as the court may direct. Bankruptcy Rule 2002(a)(2).

In this case, the court ordered the trustee to serve notices upon the debtor, the named creditors, and to publish notice for the public at large. Had Mr. Foley, on behalf of Terra Homes requested service of notices that related to the subject property, the court would have been obliged to order the trustee to serve him as well. In fact, no notice of appearance was filed pursuant to Bankruptcy Rule 9010 nor was the court otherwise made aware of the existence of counsel for Terra Homes.

Mr. Foley was wrong to rely on the trustee to provide him with informal notice. Unfortunately for Terra Homes, it is beyond the sound discretion of this court to correct Mr. Foley's mistake by rescinding approval of the sale to Mr. Weinberger, the ultimate purchaser. The court takes guidance in determining the extent of its discretion to set aside real estate sales from the recent case of *In re Northern Star Industries Inc.*, 38 B.R. 1019 (E.D.N.Y.1984). In *Northern Star Industries,* the trustee entered into a contract to sell real property and requested court approval. The bankruptcy court ordered that notice be given of the sale, and that objections to the sale be made no later than one week before the scheduled hearing. No objections were filed and the original offeror did not appear at the scheduled hearing. On its own initiative, and without any notice to the original offeror, the bankruptcy court heard the late objection of a second offeror at the hearing and approved sale to that second offeror. The district court stated that the sale to the second offeror was unfair to the original offeror because: (1) the first offeror had a legitimate expectation of sale because no objections had been timely filed; and (2) the first offeror made significant expenditures in reliance upon his legitimate expectations. 38 B.R. at 1022.

The instant case is distinguished from *Northern Star Industries* because (1) an objection was made prior to the hearing and thus Terra Homes had no legitimate expectation of sale; (2) there is no evidence that any expenditure was made by Terra Homes in reliance on the proposed sale; and (3) Terra Homes failed to file a timely motion for amendment of judgment approving sale. In holding that the court's approval of the sale shall remain intact, the court emphasizes that the importance of preserving public confidence in the finality of judicial sales outweighs, in this instance, the equitable arguments put forth by Terra Homes.

So Ordered.