**In re REX BODY CORPORATION.**

**No. 116.**

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1943.

August Merrill, of Utica, N. Y. (W. G. Shankenbery, of Utica, N. Y., of counsel), for appellants.

George A. Langan, of Syracuse, N. Y., for trustee-appellee.

James C. Webster, of New York City, for other appellees.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

This proceeding was initiated on June 23, 1941, by the filing of a voluntary petition for reorganization of Rex Body Corporation. No practical or feasible plan of reorganization having been proposed, an order was made on April 12, 1943, which adjudged the debtor a bankrupt and directed, among other things, that the first meeting of creditors be held on April 26, 1943, that the trustee be authorized to sell at public auction at the time and place set for the creditors meeting all the assets of the debtor, except cash in the hands of the trustee, that application for the confirmation of the sale be made immediately following the sale, and that the trustee give a combined notice of such meeting and sale by mailing and publication. On April 26th an order was made adjourning the sale to April 27th, on which date the property was sold to Estates Clearing Corporation. An order confirming the sale was entered the following day. By this appeal various creditors and stockholders of the bankrupt seek to reverse the adjudication and set aside the sale.

■ It is difficult to determine from the appellants' brief the precise grounds of their objection to the order of adjudication. As early as July 30, 1942 the court had made an order finding the debtor to be insolvent. No appeal having been taken from that order, concededly it cannot now be reviewed. Nearly two years had elapsed since the filing of the debtor's petition without any practicable plan of reorganization having been brought forward and the trustee had filed two reports stating persuasive reasons why no such plan could be effected. Clearly the judge had waited long enough; there was no error in adjudging the debtor a bankrupt and proceeding to liquidate the estate.

■ The attack upon the sale of the bankrupt's assets is equally without merit. The statutory requirements as to notice were complied with. The contention that Baron and Webster, who became purchasers at the bankruptcy sale through their Estates Clearing Corporation, were disqualified by reason of being directors as well as creditors of the bankrupt cannot be sustained. The assets were sufficient to pay only a small percentage of the claims of creditors and no equity was left for stockholders. As to the claim that the purchaser's arrangement with Oneida, Ltd., stifled the bidding it will suffice to note that before the order of confirmation all the facts were fully disclosed to the experienced and able judge who conducted and confirmed the sale, and he was justifiably of opinion that the sale was the best one available. Nothing was brought forward by the appellants to show that more advantageous terms could have been obtained.

Orders affirmed.