**In the Matter of C. T. VILLA CARTING COMPANY, Inc.**

**No. 42145.**

United States District Court
W. D. New York.
Feb. 21, 1961.

Magavern, Magavern, Lowe and Beilewech, Buffalo, N. Y. (Joseph McNamara, Buffalo, N. Y., of counsel), for petitioner Central Carting Co., Inc.

Edward B. Murphy, Buffalo, N. Y., for respondent Escro Storage and Cartage, Inc.

Thomas M. Donovan, Buffalo, N. Y., for trustee.

Israel Rumizen, Buffalo, N. Y., for bankrupt.

HENDERSON, District Judge.

This is an application to set aside an order of the Referee in Bankruptcy confirming the sale of certain Interstate Commerce Commission rights to Escro Storage and Cartage, Inc., for its bid of $4,500 at public auction. Petitioner Central Carting Company contends that its representative gave a lawful bid for the

2. Affirmed Sorensen v. Overland Corp., 3 Cir., 1957, 242 F.2d 70.

same figure as that for which Escro obtained the rights and that the only reason its agent did not bid further was that he was under the impression that his bid had been accepted, an error which is claimed to have been caused by ambiguous handling of the sale by the auctioneer. At the hearing before the Referee, petitioner offered to pay a price substantially more than the $4,500 amount, and in its petition for review of the order, petitioner offers to pay an upset price of $10,000 for the rights. After hearing extensive testimony, the Referee confirmed the sale to Escro.

The authority of this court on this application is limited to that of review of the Referee's acts. In re Realty Foundation, Inc., 2 Cir., 1935, 75 F.2d 286. In the absence of a showing that the Referee has committed error or abused his discretion, petitioner's application will be denied.

At the hearing before the Referee, directly contradictory evidence was received on the issue whether a bid for $4,500 was properly made on behalf of Central Carting. In addition to the witnesses testifying, some of whom supported the contentions of Escro, it was stipulated by counsel for Central Carting that fourteen to eighteen disinterested witnesses could be produced whose testimony would support the sale of the rights as ultimately confirmed by the Referee. In turn, opposing counsel stipulated that five or six disinterested persons could be produced who would support the claim of Central Carting. Review of the entire record fails to show any error on the part of the Referee in accepting the version of the facts supporting confirmation of the sale, much less the clear error needed to override findings of fact underlying his orders. See General Order 47, 11 U.S.C.A. following section 53. There is no showing that the Referee abused his discretion in confirming the sale.

The Referee's order confirming the sale to Escro Storage and Cartage, Inc., is accordingly affirmed. So ordered.