**In the Matter of CARIBBEAN CONTAIN-
ER COMPANY, Bankrupt.**
**No. 14-71.**

United States District Court,
D. Puerto Rico.
March 8, 1973.

McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz Suria, San Juan, P. R., for petitioner.

Benjamin Rodríguez Ramon, Hato Rey, P. R., for trustee.

Leopoldo DeLucca, Santurce, P. R., for Pan American Investment.

ORDER AFFIRMING DENIAL OF REQUEST TO SET ASIDE PRIVATE SALE

TOLEDO, District Judge.

International Paper Co., Inc. and Puerto Rico International Paper Co.,

Inc. (hereinafter "Petitioning Creditors"), have moved for review of an Order entered on May 30, 1972, by Honorable Rafael Rivera Cruz, Referee in Bankruptcy of this Court, entitled "Order Denying Petition to Set Aside Private Sale". Under the terms thereof, the Referee refused to set aside his Order of April 11, 1972, confirming the private sale by the trustee of the bankrupt to Pan American Investment, Inc., of certain machinery, equipment, spare parts and inventory of Caribbean Container Co., for the sum of $400,000. Petitioning creditors' main line of argument is to the effect that such sale was improvidently confirmed because of lack of prior notice to creditors, in violation of Section 58(a)4 of the Bankruptcy Act, Title 11, United States Code, Section 94.[1] Briefs were filed by the petitioning creditors, the trustee, and purchaser Pan American Investment, Inc. and all such parties were heard orally concerning the review of said order. The Court is fully advised on the premises and in a position to rule. We affirm.

Section 58(a) states that the creditors must be notified of certain steps in the process of liquidation of bankrupt's estates, one of which are "all proposed sales of property". The quoted Section contains a *proviso* under which the Court may " . . . upon cause shown . . . order an immediate sale without notice, . . . ." The basic question at bar, narrowed to its real core, is whether the Referee had sufficient cause to authorize the sale of such assets without the required notice. We hold that he did, and that his discretion in thus confirming the private sale within the context of the particular facts involved therein, was reasonably exercised.

According to the facts as they appear from the record on review, a public sale had been advertised by the trustee some

1. Section 58. Notices "(a) Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the list of creditors of the bankrupt or as afterward filed with the papers in the case by the creditors, of . . . (4) all proposed sales of property: Provided, That the court may, upon cause shown, shorten such time or order an immediate sale without notice."

seven months prior to the private sale in question. On that occasion, the highest of the only two appearing bidders, offered $301,000 for such assets, approximately twenty five per cent less than the amount paid by the private purchaser Pan American Investment, Inc.[2] The trustee tried unsuccessfully to sell those properties in Puerto Rico and abroad during the interval between the public and the private sale. During that time, the assets were deteriorating in value and the estate was incurring in first priority expenses for rentals, watchmen, public utilities, etc., at the rate of some $12,000 monthly. The offer of Pan American Investment, Inc. provided for a take over as of April 1, 1972, from which date on all such expenses were to be assumed by purchaser, thus saving to the estate substantial amounts. Pan American strictly complied with payment as agreed, including accrued interest totalling $5,375.00 over and above the $400,000 of the purchase price. Furthermore, the bankrupt's estate is rather big, and the number of creditors is substantial. According to the record on review, the Referee was constantly being fully advised by the trustee about all these particulars. Moreover, many of those facts appeared from the bankrupt's court file. Therefore, we conclude the Referee was plainly aware and advised about all such facts, when he entered the confirmation order of April 11, 1972.

■ The quoted proviso of Section 58(a)4, supra, was added to the Bankruptcy Act in 1938 in order to provide the necessary flexibility to prevent waste and deterioration by reason of delayed sales. H.R. 12,889, 74th Cong.2d Sess., (1936) 182. As has been stated, that discretion was salutary and much needed, and provided the necessary flexibility. 3 Colliers on Bankruptcy, Sections 58.1 and 09, pages 417, 502 and 503. Additionally, the policy of the courts in matter of sales already confirmed, as in the case at bar, in which the opposing creditors have not sought review of the confirmation of the sale, considerably limits the scope of inquiry, principally on the basis of equitable grounds. Sales of that sort cannot be set aside except for defects of such gravity as to "shock the conscience of the chancellor", because of fraud, price inadequately low, and similar instances. 4A Colliers, op. cit. Section 70.98, pages 1183, 1190; In re General Insecticide Co., (C.C.A.2, 1968), 403 F.2d 629; In re Shea, (C.C.A.1, 1903), 126 F. 153, 156; In re Burr Mfg. & Supply Co., (C.C.A.2, 1914), 219 F. 16, 19, 20, 21; Smith v. Juhan, (C.C.A.10, 1962), 311 F.2d 670, 673 and Allen v. Union Transfer Co., (C.C.A.10, 1945), 152 F.2d 633. The record does not disclose the presence of a single fact that, taken in isolated or aggregated fashion with the rest of the facts on review, may give rise to a conclusion based on grounds of any such character.

In view of the foregoing, the Court hereby adjudges and decrees that the Referee acted within the bounds of reasonableness in confirming the private sale of the mentioned assets to Pan American Investment, Inc., and consequently affirms in all its parts his Order of May 20, 1972, denying petitioning creditors' request to set aside the same.

It is so ordered.

---

2. Such assets had been appraised at $709,000.