In re David LAMONT, Bankrupt.

Virginia LAMONT, Plaintiff-Appellant,

v.

Reuben GRASS,
Defendant-Trustee-Respondent.

No. 76–BK–2243.

United States District Court,
N. D. New York.

July 11, 1978.

Bond, Schoeneck & King, Syracuse, N. Y., for plaintiff-appellant; S. Paul Battaglia, Syracuse, N. Y., of counsel.

Grass & Balanoff, Syracuse, N. Y., for Reuben Grass; Michael J. Balanoff, Syracuse, N. Y., of counsel.

## MEMORANDUM—DECISION AND ORDER

MUNSON, District Judge.

This is an appeal from an Order of Bankruptcy Court (Marketos, J.) vacating a prior confirmation of a real property sale, and confirming a subsequent sale of the bankrupt's interest in a parcel of real property to Virginia Lamont, appellant herein.

Appellee Reuben Grass, the trustee in bankruptcy for the estate of David Lamont, offered for sale bankrupt's one half undivided interest in a parcel of real property located within Onondaga County, New York State. The initial bid received by the trustee was from appellant, the bankrupt's second wife, and was in the amount of $350. Prior to submission of that bid to the Court for its approval, the trustee received a bid of $1000 from Marion Lamont, the bankrupt's first wife.

A meeting of bankrupt's creditors was scheduled for June 21, 1977,[1] the purpose of which was to consider the bid of $1,000 received from Marion Lamont. Notice of that meeting was mailed to creditors on or about June 2, 1977. At the meeting, with Bankruptcy Judge Justin J. Mahoney presiding, a bid of $1,025 was submitted by appellant, accepted by trustee's law partner,[2] and orally confirmed by the court.

Sometime shortly after the June 21, 1977 meeting of creditors, the trustee alerted the court to the fact that Marion Lamont, whose bid was to be considered at that meeting, was not given notice of the meeting. The court thereupon scheduled a second creditors' meeting for July 5, 1977, to reconsider the sale of bankrupt's interest in the real property in issue. Notice of that second meeting was mailed to creditors and interested parties on or about June 22, 1977.

The second meeting of creditors was adjourned to July 12, 1977, at which time appellant and Marion Lamont appeared, both represented by counsel, and engaged in spirited bidding until appellant ultimately prevailed with a bid of $5,200. Bankruptcy Judge Leon J. Marketos, who presided over the second meeting, signed an Order on July 21, 1977, vacating Judge Mahoney's oral confirmation to appellant for $1,025, and confirming the subsequent sale to appellant for $5,200. It is from that Order that the present appeal was taken.

■ Appellant is quite correct in her assertion that upon confirmation of a sale of a bankrupt's property, equitable title passes to the prevailing bidder. *Smith v. Juhan*, 311 F.2d 670 (10th Cir. 1962); *In re Burr Mfg. & Supply Co.*, 217 F. 16 (2d Cir. 1914); 4A Collier on Bankruptcy ¶ 70.98 (14th Ed. 1975). At that point in the proceedings, policy considerations dictate that some degree of finality be maintained. *In re Stanley Engineering Corp.*, 164 F.2d 316 (3d Cir. 1947), cert. den. *Root v. Galman*, 332 U.S. 847, 68 S.Ct. 351, 92 L.Ed. 417 (1948). Consequently, a confirmed sale will be set aside only in case of fraud, accident, mistake or similar defect of such magnitude as would "shock the conscience of the chan-

---

1. In the findings of fact entered by him, Judge Marketos erroneously stated that the first meeting in issue was conducted on June 2, 1977.

2. The trustee was apparently unavailable on June 21, 1977, due to an illness requiring hospitalization.

cellor," so that a court in equity would set aside a like sale between private parties. *In re Webcor, Inc.*, 392 F.2d 893 (7th Cir. 1968), cert. den. 393 U.S. 837, 89 S.Ct. 113, 21 L.Ed.2d 107 (1968); *In re Caribbean Container Company*, 356 F.Supp. 1076 (D.P.R. 1973).

The decision whether or not to vacate an Order confirming a judicial sale of a bankrupt's property lies within the discretion of the Bankruptcy Judge. *In re Time Sales Finance Corp.*, 445 F.2d 385 (3d Cir. 1971), cert. den. *Gross v. Walsh*, 405 U.S. 917, 92 S.Ct. 940, 30 L.Ed.2d 786 (1972). As such, this Court is limited in its present inquiry to determine whether, consistent with the aforementioned principles, the Bankruptcy Judge abused his discretion in setting aside the prior confirmation. *In re C. T. Villa Carting Company, Inc.*, 191 F.Supp. 134 (W.D.N.Y.1961). This Court finds that Judge Marketos did not abuse his discretion in so doing.

This case, like *In re Time Sales Finance Corp., supra,* presents a situation where, through an oversight, the bidder whose bid is to be considered at a meeting of creditors is not given notice of that meeting. In this Court's estimation, such a mistake is fundamental, and consequently warrants a court to set aside any confirmation resulting from that meeting. This is particularly true when, as in both the case at bar and *In re Time Sales Finance Corp.,* the party whose bid is confirmed at the first meeting has not proceeded so far, in reliance upon the confirmation, that he will be unduly prejudiced by a nullification of the sale.

This case is readily distinguishable from *In re Burr Mfg. & Supply Co., supra,* the foremost case in this Circuit on the question now presented. In *Burr*, the fact that notice of a confirmation hearing was not sent to mortgagees whose interest would not be affected by the proposed sale was not found to warrant vacating of the Order of confirmation. Little more than common sense is required to distinguish from that situation a case where the party whose bid will be subjected to scrutiny and the possibility of a successful override [3] is not notified of the impending meeting.

This Court finds that Judge Marketos did not abuse his discretion in vacating the previous Order of confirmation and reopening the bidding upon the property. The Order from which this appeal was taken is accordingly affirmed in all respects.

It is so ordered.

**3.** Such was, in fact, the case in this instance.