BREYER, Circuit Judge.
 

 This case arises out of a bankruptcy judge’s decision to cancel the sale of an asset (a liquor license) of the bankrupt debtor and to resell it by auction. The district court held that the bankruptcy judge erred in setting aside the already completed sale. We do not agree with the district court’s conclusion.
 

 The factual background of the case is as follows: Originally, the debtor, a wine shop called Cave Atlantique, had a contract with its landlord, appellant Louis DiGiovanni, giving DiGiovanni an option to buy its liquor license for $11,000. In the hope of obtaining more money for the license, Cave Atlantique, with the bankruptcy court’s approval, rejected the contract.
 
 See
 
 11 U.S.C. § 365(a) (permitting rejection of ex-ecutory contracts). Later, the appellee, M.R.R. Traders, Inc., offered Cave Atlan-tique $18,000 for the license.
 

 Following bankruptcy court procedures, M.R.R. Traders and Cave Atlantique prepared a notice of the proposed sale; they obtained a court order shortening the ordinary twenty day response time; and they sent the notice to creditors (and others) on October 5, 1984. The notice called for the submission of counteroffers or objections by October 9. On October 26, no one having objected, the bankruptcy court approved the sale to M.R.R. for $18,000.
 

 Twelve days later (on November 7), Di-Giovanni asked the court to reconsider its approval of the sale. He said that his attorneys had just learned about M.R.R.’s offer, that he wished to bid for the license, and that he would pay at least $20,000 for it.
 

 The court held a hearing the following week. It then became clear that Cave At-lantique’s lawyers had made a mistake in sending out the notice. Apparently, they sent the notice to DiGiovanni himself, but they did not send a copy to DiGiovanni’s lawyer. They said that normally copies of all papers had been sent to DiGiovanni’s counsel. But, they explained, a new secretary unfamiliar with the notice procedure had not included DiGiovanni’s lawyer in the mailing. Cave Atlantique’s counsel said that “not putting [DiGiovanni’s lawyer’s] name on the service list ... was an oversight on my part.”
 

 The bankruptcy court set aside the sale to M.R.R. It held an auction on the spot. And, DiGiovanni won the auction, eventually bidding $40,000 for the license. M.R.R. appealed to the district court, which held that the bankruptcy court had acted unlawfully. The district court concluded that the parties had violated no procedural rule pri-
 
 *818
 
 or to the initial sale; and the initial sale was not sufficiently unfair to warrant a new one.
 

 The basic legal standard that governs this appeal is that set forth in
 
 In re Stanley Engineering Corp.,
 
 164 F.2d 316 (3d Cir.1947),
 
 cert. denied,
 
 332 U.S. 847, 68 S.Ct. 351, 92 L.Ed. 417 (1948). The Third Circuit there said that a court may set aside a judicial sale, “made upon due notice” if:
 

 (a) there was fraud, unfairness or mistake in the conduct of the sale; or (b) the price brought at the sale was so grossly inadequate as to shock the conscience of the court and raise a presumption of fraud, unfairness or mistake.
 

 In re Stanley Engineering Corp.,
 
 164 F.2d at 318. In this instance, the two questions of “due notice” and “unfairness” become one, for here the inadequate notice is what arguably made the sale unfair.
 

 Had the bankruptcy court simply held the sale “unfair” when it set the sale aside, we would have no trouble finding that it acted within the bounds of its discretion.
 
 In re Time Sales Finance Corp.,
 
 445 F.2d 385, 386-87 (3d Cir.1971) (sale set aside as fundamentally unfair due to lack of adequate notice),
 
 cert. denied,
 
 405 U.S. 917, 92 S.Ct. 940, 30 L.Ed.2d 786 (1972);
 
 In re Lamont,
 
 453 F.Supp. 608, 610 (N.D.N.Y.1978) (same);
 
 In re Cada Investments, Inc.,
 
 664 F.2d 1158, 1162 (9th Cir.1981) (reviewing court will overturn bankruptcy judge’s decision that sale was unfair only for an abuse of discretion);
 
 In re M & M Transportation Co.,
 
 13 B.R. 861, 867 (Bankr.S.D.N.Y.1981);
 
 cf. In re Coughlin,
 
 27 B.R. 632, 635 (Bankr.App. 1st Cir.1983). After all, Cave Atlantique had previously sent notices to DiGiovanni’s attorney; it knew he wanted to bid on the liquor license; it failed to send the sale notice through an oversight; and the license was available for sale only because the court had just set aside DiGiovanni’s right to buy it for $11,000.
 

 The bankruptcy court might have believed that DiGiovanni had reasonably assumed his lawyer would deal with the sale and that he need not check in each instance to see that the lawyer received notice as well. Moreover, DiGiovanni acted promptly to reopen the sale; the twelve additional days of delay did not, in themselves, prejudice M.R.R. Taken together, these factors would adequately support an initial bankruptcy court finding that the sale was sufficiently “unfair” to permit a new one, particularly in light of the bankruptcy court's duty to preserve the value of a bankrupt estate for creditors.
 
 Compare In re Muscongus Bay Co.,
 
 597 F.2d 11, 12-13 (1st Cir.1979) (sale set aside where a new bidder offered initially 12.3 percent and eventually 21.5 percent more than prior bidder).
 

 This case is more difficult, however, because the bankruptcy court did not simply conclude that the sale was “unfair.” Rather, though its ‘unfairness’ finding is implicit, it seems to have rested its holding explicitly on a technical ground, namely that Cave Atlantique and M.R.R. failed to satisfy the requirements of Bankruptcy Rule 2002, which states in subsection (g):
 

 All notices required to be mailed under this rule to a creditor ... shall be addressed ... to the address shown on the list of creditors ... but
 
 if a different address is stated in a proof of claim
 
 duly filed, that address shall be used.
 

 (Emphasis added.)
 

 DiGiovanni argues that the bankruptcy court was right — the notice violated Rule 2002(g) — because his counsel’s name and address were “stated in a proof of claim” form; hence, that address should have been used. M.R.R. counters that the bankruptcy court was wrong — the notice did not violate Rule 2002(g) — because DiGiovanni’s counsel’s name was contained, not on a “proof of claim” form, but, rather, on a “power of attorney” form. And, it points to the Advisory Committee Note to Rule 2002(g), which states:
 

 It should be noted that Official Forms Nos. 17 and 18 [form powers of attorney] do not include an authorization of the holder of a power of attorney to receive notices for the creditor. Neither these forms nor this rule carries any implica
 
 *819
 
 tion that such an authorization may not be given in a power of attorney or that a request for notices to be addressed to both the creditor or his duly authorized agent may not be filed.
 

 The fact of the matter is that the name and address of DiGiovanni’s counsel appeared on a
 
 hybrid
 
 form, a one-page document called “Proof of Claim and Power of Attorney.” The form contains a ‘power of attorney’ paragraph (as well as ‘proof of claim’ paragraphs) where the name and address of DiGiovanni’s counsel, Vincent J. Pánico, appear. The bankruptcy court treated this form, in the circumstances, as falling within Rule 2002(g) in respect to the license sale, since (to quote the bankruptcy judge):
 

 from at least as early as May, the debtor was aware of DiGiovanni’s interest in obtaining the license and that Vincent J. Pánico represented DiGiovanni.
 

 In our view, the fact that Panico’s name appears on a ‘hybrid’ form is sufficient to bring it within the literal wording of Rule 2002(g). And, we do not doubt the bankruptcy court’s power to interpret the rule as applicable to the special circumstances of this case. The bankruptcy court’s interpretation of the rule, given the facts described at p. 818,
 
 supra,
 
 furthers the bankruptcy code’s statutory requirement that “such notice as is appropriate in the particular circumstances” be given. 11 U.S.C. § 102(1)(A). And, it is consistent with the advisory committee’s admonition that:
 

 Neither these forms nor this rule carries any implication that such an authorization [to receive notice] may not be given in a power of attorney or that a request for notices to be addressed to both the creditor or his duly authorized agent may not be filed.
 

 In a nutshell, the bankruptcy court’s decision stems from an interpretation of a procedural rule as applied to the particular special facts of the case. It fits the rule’s literal language, provides fair procedure, produces a more equitable sale, and complies with the statutory directive that the adequacy of notice is to be measured in part by the particular circumstances of the case.
 

 Since we conclude that the bankruptcy court’s decision was lawful, the decision of the district court is
 

 Reversed.