Harvey A. ZALEVSKY, Plaintiff,

v.

**Dorothy STEELE t/a/ Pine View Extended Care Facility, J. Thomas Sheakley and Sarah L. Sheakley, Defendants.**

**Civ. A. No. 87–753.**
**Bankruptcy No. 85–335.**

United States District Court,
W.D. Pennsylvania.

Sept. 22, 1987.

Harvey A. Zalevsky, Greensburg, Pa., pro se.

---

K. Lawrence Kemp, New Kensington, Pa., for Dorothy Steele.

Daniel P. Beisler, Jr., McKeesport, Pa., for Sheakley.

## MEMORANDUM OPINION

COHILL, Chief Judge.

This bankruptcy matter is before us on appeal from a Memorandum Opinion and Order issued January 14, 1987, by the United States Bankruptcy Court for the Western District of Pennsylvania, which set aside the judicial sale of sixty-five acres of land in Salem Township, Westmoreland County, Pennsylvania to appellant, Harvey A. Zalevsky. Said property was owned by the debtor, Dorothy Steele, t/a Pine View Extended Care Facility. For the reasons set forth below, we will affirm the order of the bankruptcy court.

### Background

Prior to the sale of debtor's real estate to Mr. Zalevsky (and the bankruptcy court's subsequent setting aside of that sale), the debtor had entered into an agreement with Thomas J. and Sarah L. Sheakley on May 12, 1986, for the sale of the same property at a price of $70,000. The agreement of sale was "contingent upon releases from court to Dorothy Steele." The Sheakley's broker, however, apparently believed that this contingency language involved estate problems affecting title, not bankruptcy matters; indeed, he testified that he was not notified that the debtor was in bankruptcy until August, 1986.

The debtor filed a motion for sale of this property free and clear of all liens and encumbrances on September 3, 1986. The debtor's trustee subsequently published a notice of public sale relating to the property in question, which stated that a pending offer of $70,000 was subject to a higher or better bid. This public sale was scheduled for October 1, 1986. Neither the debtor's trustee or the trustee's banker provided the Sheakleys or their broker with written notice of this public sale; in fact, the Sheakley's broker stated before the bankruptcy court that prior to October 1, 1986 he was unaware that a public auction sale

format was planned and, further, that he believed, based on representation by the trustee, that the proceedings scheduled for this date were designed only to confirm the sale to the Sheakleys.

While some dispute exists as to whether the Sheakley's broker knew that the debtor's property would be sold at public auction, it is clear that on September 30, 1986, Mr. Zalevsky notified the trustee that he was interested in bidding for the property, and the bankruptcy court believed, despite assertion to the contrary, that the Sheakley's broker was given some oral notice that a sale of the property in question would occur on October 1. *See* Bankruptcy Court's Memorandum Opinion, p. 7. There is also no disagreement concerning the facts that on October 1, Mr. Zalevsky bid $70,050 for the property, that the Sheakleys were not present and that no other bids were offered. The bankruptcy court thereafter confirmed the sale to Mr. Zalevsky.

The Sheakleys filed a motion for reconsideration of this confirmation on October 14, 1986. In essence, they argued that the sale to Mr. Zalevsky should be set aside because they never received notice of the public sale and therefore did not have the opportunity to bid competitively with Mr. Zalevsky.

The bankruptcy court granted the Sheakley's motion for reconsideration. This decision was based on three legal conclusions: (1) the trustee was required to give notice of the public sale to the proposed buyers; (2) such notice, to be adequate, must be written; and (3) as neither the Sheakleys nor their broker received written notice, adequate notice did not exist, the sale to Mr. Zalevsky was therefore unfair and, accordingly, it should be set aside. The bankruptcy court ordered that a public auction sale be rescheduled for the property, that the trustee give the Sheakleys and Mr. Zalevsky written notice of that sale, and that Mr. Zalevsky may submit a petition for reasonable expenses related to a sale.

Mr. Zalevsky, by his present appeal, does not contest the general principle that judicial sales may be set aside because of un-

fairness in certain cases where adequate notice is not given to parties in interest. Instead, he questions whether the circumstances here amount to unfairness, particularly because the trustee was not required, under applicable Bankruptcy Rules, to give notice to the Sheakleys, as original bidders, of a proposed sale of property. *See* Bankruptcy Rule 2002(a) and 6004(a), and Local Bankruptcy Rule 6004.1.D.3. Mr. Zalevsky argues that, while those listed as "parties in interest" in the Rules with respect to a proposed sale of property are entitled to written notice, those not listed, including original bidders, are not. *See* Bankruptcy Rule 2002(a) (listing the debtor, the trustee, all creditors and indenture trustees under the heading "parties in interest" with respect to a proposed sale of property). Consequently, Mr. Zalevsky urges that the oral notice to Sheakley's broker was adequate and that the Bankruptcy Court abused its discretion in setting aside the sale.

*Discussion*

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158. In reviewing the findings of fact of the Bankruptcy Court, such findings must be affirmed unless clearly erroneous. Bankruptcy Rule 8013. *See In re: Philadelphia Athletic Club, Inc.,* 20 B.R. 328, 331 (E.D.Pa.1982). As for the Bankruptcy Court's conclusions of law, an independent determination of their correctness must be made. 20 B.R. at 331. They are not shielded by any presumption of correctness. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102 (3d Cir.1981).

Bearing these standards of review in mind, we begin our analysis with the bankruptcy court's first conclusion of law—that original bidders for a piece of property are entitled to notice that such property will be sold at public auction. We conclude that this decision is correct.

■ While, as Mr. Zalevsky points out, original bidders are not listed in the applicable Bankruptcy Rules as "parties in interest" entitled to notice, we believe it to be a matter of common sense that notice of a public auction sale be given to the proposed buyer in whose name the sale is brought.

The bankruptcy court and Mr. Zalevsky have both recognized the longstanding guiding words of the Court of Appeals for the Third Circuit:

> Judicial sales, made upon due notice and in accordance with law, will be confirmed unless (a) there was fraud, unfairness or mistake in the conduct of the sale; or (b) the price brought at the sale was so grossly inadequate as to shock the conscience of the court and raise the presumption of fraud, unfairness or mistake.

*In re Stanley Engineering Corp.,* 164 F.2d 316, 318 (3d Cir.1947). Certainly, despite the lack of statutory direction, the absence of any notice to original bidders, whereby they fail to attend a related public auction sale, would constitute unfairness in the conduct of the sale and justify the setting aside of such a sale. We do not believe, as Mr. Zalevsky suggests, that imposing such a notice requirement oversteps the role of the courts and intrudes upon the domain of the legislature; that original bidders/proposed buyers receive notice of a public auction sale has long been recognized as a prerequisite to a *fair* judicial sale. *See In re Times Sales Finance Corp.,* 445 F.2d 385 (3d Cir.1971) (recognizing original bidders as parties in interest and upholding bankruptcy court determination that judicial sale be overturned where original bidders did not receive notice; major question found to be one of "common decency."); *In re Lamont,* 453 F.Supp. 608 (N.D.N.Y. 1978); *In re Northern Star Industries, Inc.,* 38 B.R. 1019 (E.D.N.Y.1984); *Nigro v. Estate of Chung King, Inc.,* 35 B.R. 420 (N.D.Ill.1983).

■ We turn then to the bankruptcy court's second conclusion of law—that notice to original bidders, in order to be adequate, must be written. We find that this determination is also correct. If common sense and, as the court in *In re Times Sales Finance Corp.* indicates, common decency direct that original bidders be included as a party to interest entitled to notice of a proposed public auction sale, we believe that common sense also directs that the notice requirements applicable to the

statutory "parties in interest" apply to original bidders. *See* Rule 2002(a) (requiring that those listed under the heading "parties in interest" be given written notice by first class mail). No Bankruptcy Rule indicates that anything less than written notice is sufficient to apprise interested parties of a proposed judicial sale. Thus, the trustee here was not "placed in a position to second-guess what additional nonstatutory notice must be given." *See* Appellant's Brief, p. 9. Given that the Sheakleys are entitled to notice, no second-guessing as to the form of that notice need be done as the Rules direct that written notice be given to the parties connected with a proposed sale of property.

We note that, in addition to the notice to the Sheakleys and/or their broker being inadequate as to form, the findings of the bankruptcy court also indicate that the oral notice which the Sheakley's broker did receive, may have been inadequate as to substance. The bankruptcy court indicates that the Sheakley's broker may not have understood the significance of the oral notice and notes the broker's testimony that he believed the proposed sale to only involve confirmation of the Sheakley's bid, not public auction bidding. At least one court has held that a bankruptcy court acted properly in setting aside a judicial sale because of inadequate notice where the original bidder received notice of a court hearing on the proposed sale of property to him, but did not receive notice that a second bid was received and was to be presented at the hearing. As a result, the first bidder did not appear at the hearing, believing it to only involve procedural confirmation of his bid. *See In re Winstead*, 33 B.R. 408 (M.D.N.C.1983). Cases such as *In re Winstead* serve not only as an indication of what constitutes the substance of an adequate notice, but further underscore our belief that where notice of a proposed judicial sale is required, either by statute or "common decency," such notice should be in written form. Anytime where the substance of a notice may be questioned as inadequate, those responsible for providing such notice should know that providing written notice can prevent later questions and disputes as to the actual substance and content of the notice.

■ We turn finally, therefore, to the bankruptcy court's determination to set aside the sale to Mr. Zalevsky. Our responsibility in this regard is to decide whether the bankruptcy court abused its discretion. *See In re Times Sales Finance Corp.*, 445 F.2d at 386. We have already concluded that the bankruptcy court was legally correct in its decision that inadequate notice was not provided to the Sheakleys or their broker. Mr. Zaslevsky argues, however, that the sale still should not have been set aside because equities weigh in his favor. First he directs our attention to the periods of time which passed between the sale to him and the Sheakley's motion for reconsideration (thirteen days: October 1, 1986—October 14, 1986) and the period of time between the sale and the court decision to set aside (almost three months). *Cf. In re Times Sales Finance Corp.*, *supra* (motion for reconsideration made within one hour of the sale and approximately thirty minutes passed until decision handed-down on this motion). Mr. Zalevsky argues that because the Sheakleys and the bankruptcy court did not act sooner, he made the considerable expenditures of time and effort in reliance upon the sale.

We find that these considerations do not establish an abuse of discretion by the bankruptcy court in setting the sale aside. Neither do we believe that the time between the sale and the Sheakley's motion significantly prejudiced Mr. Zalevsky so as to justify a finding that the bankruptcy court abused its discretion. The record shows that Mr. Zalevsky made no expenditures relative to this time period. *Cf., M.R. R. Traders, Inc. v. Cave Atlantique Inc.*, 788 F.2d 816 (1st Cir.1986) (no prejudice found to have resulted from twelve-day delay between judicial confirmation of a public sale and motion to set same aside). Moreover, to the extent Mr. Zalevsky may have made expenditures during this period, we find any resulting prejudice to Mr. Zalevsky has been contemplated and sufficiently assuaged by the bankruptcy court

in its order that Mr. Zalevsky may submit a petition for reasonable expenses related to the sale.

As for any expenditures made by Mr. Zalevsky after the motion for reconsideration, we again note the bankruptcy court's offer to compensate *reasonable* expenses. We question, though, how any expenditures made by Mr. Zalevsky, after receiving notice of the Sheakley's motion, qualify as reasonable. Expenditures made by a bidder in reliance upon a judicial sale, either proposed or confirmed, will create equities in the bidder's favor where he has a legitimate expectation that he will receive the related property. *See In re Northern Star Industries, Inc., supra.* Mr. Zalevsky, in this case, knew or should have known that the Sheakley's motion for reconsideration activated judicial machinery which could (and eventually did) set aside the sale of debtor's property to him. Such knowledge detracts from any legitimate expectations which Mr. Zalevsky may have had. It would be improper for the bankruptcy court or us to credit Mr. Zalevsky for such expenditures in considering the motion for reconsideration absent reasonable belief by Mr. Zalevsky that he would receive the property; he cannot build equities in his favor by unreasonable action. Thus, again we cannot say that the bankruptcy abused its discretion, and we will affirm its opinion and order.

An appropriate order will issue.