In the Matter of F.A. POTTS AND CO., INC., et al., Debtor.

Civ. A. No. 88–5796.

United States District Court, E.D. Pennsylvania.

Oct. 31, 1988.

Iles Cooper, Williamson, Friedberg & Jones, Pottsville, Pa., for Pagnotti Enterprises, appellant.

Gary Schildhorn, Adelman, Lavine, Gold & Levin, Philadelphia, Pa., for Creditors Committee.

Earl T. Stamm, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for debtor, appellee.

James J. Riley, Pottsville, Pa., for APC–Alternative Power Corp.

## MEMORANDUM

GILES, District Judge.

The court considers an appeal by Pagnotti Enterprises, Inc., (Pagnotti), from the June 1, 1988 order of the bankruptcy court denying Pagnotti's motion to compel the implementation of a judicial sale previously approved by the bankruptcy court and granting the motion of another buyer to set aside the bankruptcy court's approval of the sale. 86 B.R. 853.

On September 11, 1981, the debtors, F.A. Potts and Co., Inc. and GMP Land Co., Inc. (hereinafter, "debtors") filed for bankruptcy under Chapter 11 of the Bankruptcy Code. The bankruptcy court confirmed a plan for reorganization in February of 1985 which called for the liquidation of all assets of the debtors and distribution of the proceeds to the creditors. On March 11, 1986, the Debtors' Creditors' Committee (Committee) filed a motion with the bankruptcy court seeking approval for the sale of a 100 acre parcel of land to ENESCO for $100,-000. After notice and a hearing, the 100 acre parcel was offered at auction in the courtroom and the successful bidder was the Alternative Power Corporation (APC) for $410,000. The bankruptcy court entered an order approving the sale of the 100 acres to APC. Later, upon motion of ENESCO, the bankruptcy court held a hearing and vacated that order.

On July 22, 1986, the Committee moved for authorization to sell to ENESCO the 100 acre parcel, a second tract upon which culm was located, the culm, and an ash disposal site. The Committee sent notice of the proposed sale of these properties and assets to all creditors. A hearing was held on July 31, 1986, and was continued on August 12 and August 20, 1986. During negotiations between the debtors and the buyers, it was agreed that Pagnotti would acquire title to the culm. The bankruptcy court entered an order on August 20, 1986 approving the sale of the land to ENESCO and the culm to Pagnotti.

ENESCO filed two applications requesting extensions of the closing date with the bankruptcy court. The first extension request was granted. Prior to a ruling on the second request, APC filed a motion seeking to have the order of August 20, 1986 vacated. The bankruptcy court extended the time ENESCO had to close on the sale to June 30, 1987. However, ENESCO defaulted. It never purchased the 100 acres or paid the balance of the purchase price.

On June 25, 1987, Pagnotti filed a motion requesting an order compelling the debtors to convey the assets to Pagnotti, but with the *exception* of the 100 acre parcel of land. On June 1, 1988, the bankruptcy court issued the order which is the subject of this appeal. That order denied Pagnotti's motion and granted the motion of APC to vacate the court's order of August 20, 1986. In his opinion, the bankruptcy judge

held that the confirmed sale was to be vacated on two grounds—"compelling equities" under Fed.R.Civ.P. 60(b), and defective notice to interested parties.

Appellant Pagnotti now appeals on four grounds, contending that:

1) The bankruptcy court abused its discretion in setting aside the confirmed sale of F.A. Potts assets;

2) The bankruptcy court erred in holding that the notice of the confirmed sale was defective;

3) The parties are estopped from objecting to the notice of the sale;

4) Pagnotti was substantially prejudiced by the setting aside of the confirmed sale.

## I. STANDARD OF APPELLATE REVIEW

In reviewing a bankruptcy judge's order, the district court shall not set aside findings of fact unless they are clearly erroneous. However, the district court has the power of plenary review of the bankruptcy judge's conclusions of law. 11 U.S.C. Bankruptcy Rule 8013; *In re: Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir.1986).

## II. VACATION OF THE CONFIRMED SALE OF ASSETS

■ Pagnotti asserts that the bankruptcy judge abused his discretion when he vacated his prior order authorizing the sale of the debtor's property to ENESCO. Pagnotti contends that the vacation of an order confirming a sale involves a lesser exercise of discretion by the bankruptcy judge than is involved in a decision whether to confirm a sale in the first instance. It argues that a bankruptcy court may vacate such a confirmed sale order only in very limited circumstances, none of which were present below.

■ In general, it has been recognized that the existence of fraud, mistake, or a like infirmity is necessary to set aside a confirmed sale. *Matter of Chung King, Inc.*, 753 F.2d 547 (7th Cir.1985). The offer of a substantially higher sale price after confirmation is insufficient to set aside the sale, unless the sales price is "grossly inadequate." *Id.* at 550. These rules are intended to guarantee stability in such sales and thereby encourage high bids. However, there are cases which suggest that confirmed sales should be set aside when "compelling equities" outweigh the interest in finality. *See In re Times Sales Finance*, 445 F.2d 385 (3d Cir.1971); *Jackson v. Pacific Energy Resources*, 683 F.2d 326, 328 (9th Cir.1982).

Here, the bankruptcy court found that there was no allegation that the price was inadequate or that fraud existed requiring vacation of the order. *See* Record, # 6 at 12–13. It did find that an event other than the appearance of a new purchaser had decreased the benefit that the debtor would receive from the sale. The court discussed the expansive scope of Fed.R.Civ.P. 60(b)(6), which allows for the liberal exercise of its power to vacate in a non-sale context when needed to "accomplish justice." The court also discussed Rule 60(b)(5) which allows for relief when it is no longer equitable that a judgment should have prospective application. The lower court held that Fed.R.Civ.P. 60 applies in this case by virtue of Bankruptcy Rule 9024, which provides that Rule 60 applies in cases under the Bankruptcy Code.

Rule 60(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect: (2) newly discovered evidence ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ... (5) ... it is no longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment ...

Fed.R.Civ.P. 60(b).

The bankruptcy court found that the parties intended to create a *non-severable* agreement. Pagnotti argues that the parties were aware that two separate agree-

ments of sale were to be made. However, the bankruptcy court's finding of fact can be reversed only if a district court finds it to be clearly erroneous. The court cited in its opinion to the notes of testimony which clearly supported its conclusion. *See* Record, # 6 at 21–22. In addition, the lower court examined the August 20th order which had been proposed by the parties and executed in that form. It described both the land and the culm and authorized the debtor to convey the property "upon receipt of the *full consideration* as set forth above." Record, # 6 at 22. (emphasis added). Here, Pagnotti has not raised any contention of fact which challenges the lower court's factual conclusion that the parties intended a non-severable agreement.

The bankruptcy court further determined that the intended non-severable agreement, coupled with the dramatic difference in the intended and actual purchase prices, created "compelling equities" sufficient to invoke its Rule 60(b) powers. *See* Record, # 6 at 20.

■ Pagnotti contends that there must be a fundamental defect in the sale itself, such as fraud, mistake, or grossly inadequate sales price. It further argues that the court must look to the events at the time of the sale, not at events subsequent thereto. However, despite its written consternations, Pagnotti does not address the issue of the bankruptcy court's power to vacate the order under Rule 60, given its permitted discretion to consider events *subsequent* to an order or judgment in determining whether the sale was equitable.

■ I agree with the bankruptcy court that it had discretion under Rule 60 to set aside an order confirming a judicial sale. A finding of fraud or mistake is unnecessary when "compelling equities" outweigh the general goal of finality.. *See e.g., Jackson v. Pacific Energy Resources,* 683 F.2d at 328. The bankruptcy court did not abuse its discretion in determining that such "compelling equities" exist in the present case and it was free to exercise its discretion to vacate its prior order. While inadequacy of price and minor errors in an

agreement are not sufficient to set it aside, fundamental flaws which, in and of themselves, would have prevented the bankruptcy court from approving the sale in the first instance are sufficient. The lower court must expressly list the fundamental errors which justify its extraordinary decision to vacate a confirmed sale. *Matter of Chung King,* 753 F.2d at 552. The bankruptcy court found that such fundamental errors existed, listed the errors, and concluded that it would not have approved the sale in the first instance had it been aware of them.

Pagnotti makes the final argument that the "compelling equities", if any, favor upholding the sale. Pagnotti contends that ENESCO has deposited $152,500.00 toward the purchase price of the land which the debtor can retain as liquidated damages if the sale is set aside. This argument is without merit. ENESCO will lose the $152,500 as a result of its default on the sales agreement, and not as a result of vacating of the confirmed sale.

Pagnotti contends that it will be unfairly prejudiced because of the almost two year period which has elapsed between the original confirmation of the sale and the bankruptcy court's order setting aside that sale. In this interim, it claims, it has placed $50,000 on deposit with the debtor, which it may now lose.

Debtor counters that, where the parties' rights have not vested, the parties will not be prejudiced by vacation of a previous order. It rightly points out that, because the sale never occurred, the rights of the parties in the present case did not vest and, therefore, Pagnotti cannot be said to have been prejudiced. Debtor further argues that Pagnotti may apply to the bankruptcy court for a judicial determination as to whether it is entitled to the return of its $50,000.00. Debtor asserts that Pagnotti has an adequate remedy at law and, as such, cannot invoke the powers of equity for its remedy.

I agree that Pagnotti's remedy is to petition the bankruptcy court for the return of the $50,000. The fact that Pagnotti has deposited this amount toward the sale is

not a reason to force an otherwise inequitable sale.

### III. NOTICE OF THE SALE

The bankruptcy court held that, because of the difference between the noticed sale terms and price and the terms and price that resulted from the default, the notice of the proposed sale was defective. Under Bankruptcy Rule 2002(c)(1), notice of a proposed sale must provide the terms and conditions of that sale and generally describe the property to be sold.

Because I have determined that the bankruptcy court had the power to set aside the sale under its Rule 60 powers, I do not find it necessary to decide the issue of whether notice was defective in the present case.

Courts have vacated sales when notice was either insufficient on its face or when notice of the hearing was not sent to all interested parties. *See Matter of Chung King,* 753 F.2d at 551; *In Re Times Sales Finance,* 445 F.2d at 386; *In re Zalevsky,* 78 B.R. 100, 102 (W.D.Pa.1987). However, this court observes that it is not aware of any legal precedent in which a court judged the sufficiency of the initial notice of a proposed sale on the basis of events subsequent to the confirmation of that sale.

### IV. ESTOPPEL ON THE ISSUE OF NOTICE

Because I have found it unnecessary to determine whether the bankruptcy court erred in its determination that notice of the judicial sale of the debtors assets was defective, I also find it unnecessary to address Pagnotti's contention that the other parties are estopped from objecting to notice of the sale.

### V. CONCLUSION

For the foregoing reasons, I hold that the bankruptcy court correctly set aside its order confirming the sale and correctly denied Pagnotti's motion to compel the sale.