**In re HST GATHERING COMPANY and Haskell Gathering Company, Debtors.**

**Charlie DAVIS, d/b/a Houlihan Production Company, Appellant,**

**v.**

**Martin W. SEIDLER, Trustee, et al., Appellees.**

Civ. A. No. SA–88–CA–571.
Bankruptcy Nos. 86–00346, 86–00347A.

United States District Court,
W.D. Texas,
San Antonio Division.

March 8, 1991.

A. Ryland Howard, Lang, Ladon, Green, Coghlan & Fisher, San Antonio, Tex., for Charlie Davis.

Marion Alfred Olson, Jr., San Antonio, Tex., for Martin W. Seidler.

Paul R. Lawrence, Houston, Tex., for Fischer–York Pipeline Systems.

---

Dean William Greer, Law Office of Bruce Waitz, P.C., James Allen Rindfuss, San Antonio, Tex., for Throckmorton Gas System, Ltd.

## ORDER

PRADO, District Judge.

This cause is before the Court on the Application for Leave to Appeal, filed on May 26, 1988, by Charlie Davis d/b/a Houlihan Production Company ("Davis"). The Application is properly before this Court pursuant to 28 U.S.C. § 158(a). The Court has carefully considered the Application, and the Response to Application for Leave to Appeal, filed on June 3, 1988, by Martin Seidler, Trustee ("Trustee"). For the reasons set forth below, the Court finds that Davis lacks standing to appeal in this matter and therefore his Application should be denied.

## BACKGROUND

On April 12, 1988, the bankruptcy court entered an Order authorizing the Trustee to solicit sealed bids for the purchase of assets of the estate. The Order described the assets that were to be sold, set forth the date on which the bids were to be opened and reviewed, and ordered the Trustee to mail notice of the Order and proposed sale to all creditors, parties in interest, and parties who had expressed an interest in purchasing the assets of the estate. In addition, the Order provided:

It is further ORDERED, ADJUDGED AND DECREED that the Court and Trustee will review all bids submitted to the Court and may, but are not required to, accept any bid, and, the Court and the Trustee will accept a bid only if it is in the best interest of the estate.

Order Authorizing Trustee to Solicit Sealed Bids for the Purchase of Assets of the Estate, dated April 12, 1988.

Davis is an individual who submitted a sealed bid to the Trustee and the bankruptcy court pursuant to the above described Order. Application for Leave to Appeal, filed May 26, 1988, at 1. On May 5, 1988, the bids that had been submitted pursuant to the Order were opened and reviewed, and the Trustee recommended to the bankruptcy court that Davis' bid be accepted. Another bidder, Throckmorton Gas System, Ltd. ("Throckmorton") requested and was granted an evidentiary hearing concerning the terms and conditions of the bidding. Application for Leave to Appeal, filed May 26, 1988, at 2–3. After conducting the hearing, the bankruptcy court elected not to accept any of the bids tendered and ruled that bidding would be reopened and that the bidders should resubmit their bids in accordance with terms described by the court. Submission of Transcript of Judge's Ruling on Bids, filed June 13, 1988. After the second round of bidding, the bankruptcy court accepted the bid of Throckmorton as the high bid, and Davis filed his Application for Leave to Appeal with this Court. Application for Leave to Appeal, filed May 26, 1988, at 3.

## STANDING TO APPEAL

The courts have generally held that the right of appellate review in bankruptcy cases is limited to "persons aggrieved," i.e., to those persons whose rights or interests are "directly and adversely affected pecuniarily" by the order of the bankruptcy court. *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987). *See also Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir.1989); *Kane v. Johns–Mansville Corp.*, 843 F.2d 636, 641–42 (2nd Cir. 1988); *In re Fondiller*, 707 F.2d 441, 442–43 (9th Cir.1983). In addition, the courts have generally held that in order to satisfy the standing requirement, the "plaintiff's complaint [must] fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474–75, 102 S.Ct. 752, 759–60, 70 L.Ed.2d 700 (1982). Finally, the question of whether a litigant is an aggrieved person with standing to appeal a bankruptcy order is a question of fact to be determined by the district court. *In re Oxborrow*, 104 B.R. 356, 359 (Bankr.E.D.Wash.1989).

The court in *In re Nepsco, Inc.*, 36 B.R. 25 (Bankr.D.Me.1983), applied the principles set forth above and observed that the bankruptcy statutes and rules governing sales by trustees are designed to protect the estate, not potential purchasers. Further, the thrust of the statutory scheme is to provide maximum flexibility to the trustee, subject to the oversight of those for whose benefit he acts, the creditors of the estate. *Id.* at 26. The court also noted that "[t]he purposes of these statutes would be hindered, not furthered, by permitting a stranger to the estate to object to a sale to which no party in interest objected." *Id.* at 27. Based on this, the court held that an entity, whose only interest in the proceeding was that it desired to purchase certain assets of the estate, was not within the "zone of interests intended to be protected" under the bankruptcy statutes and regulations. *Id.* at 26–27. Stated another way, "the relevant bankruptcy statutes and rules were not enacted to protect prospective bidders ..." *Id.* at 27. *See also In re Planned Systems, Inc.*, 82 B.R. 919, 922 (Bankr.S.D.Ohio 1988); *Big Shanty Land Corp. v. Comer Properties, Inc.*, 61 B.R. 272, 277 (Bankr.N.D.Ga.1985).

The decision in *Nepsco* is on point. The Appellant, Davis, is no more than an unsuccessful bidder for assets of the bankruptcy estate. In order to meet the "aggrieved person" test, he argues that he went to "considerable expense" to prepare and submit his bid. Application for Leave to Appeal, filed May 26, 1988, at 1. However, the bankruptcy court expressly stated in its order that "the Court and Trustee will review all bids submitted ... and may, but are not required to, accept any bid...." Thus, Davis was on notice that the cost of preparing and submitting the bid was merely a cost of doing business because acceptance was not guaranteed. The Court finds that he is not a person whose rights or interests have been sufficiently affected by the order of the bankruptcy court to qualify as an "aggrieved person."

Further, this Court agrees with the court in *Nepsco* that the statutes governing the sale of assets of bankruptcy estates are intended to protect the creditors of such estates and not prospective purchasers. Thus, Davis also lacks standing to appeal because, as a prospective purchaser, he is not within the "zone of interests intended to be protected" under the bankruptcy statutes and regulations.

In conclusion, the Court finds that Davis lacks standing both because he is not an "aggrieved person" as that term has been defined by the courts, and because he is not a person whose interest was intended to be protected by the bankruptcy statutes or regulations.

Accordingly, for the foregoing reasons the Court finds that Davis lacks standing to appeal the bankruptcy court's order in this case and his Application for Leave to Appeal is therefore DENIED.