**CEDAR ISLAND BUILDERS, INC.**

v.

**SOUTH COUNTY SAND
& GRAVEL, INC.**

Civ. A. No. 92–0430B.

United States District Court,
D. Rhode Island.

Feb. 17, 1993.

James P. Redding, Providence, RI, for appellant.

Douglas H. Smith, Providence, RI, for debtor.

Paul Plourde, Armstrong & Gibbons, Providence, RI, for appellee.

Stephen Woodbury, Office of the U.S. Trustee, Boston, MA.

OPINION

FRANCIS J. BOYLE, Senior District Judge.

## I. Background

Cedar Island Builders, Inc. (Cedar Island) appealed from an order of the Bankruptcy Court for the District of Rhode Island entered on July 24, 1992. That order vacated a prior order entered March 16, 1992 which the parties characterize as a confirmation of sale of the Bankrupt's principal asset. The March 16, 1992 order approved a private sale of unimproved real estate, located on Drybridge Road in the town of North Kingstown, Rhode Island, to Cedar Island pursuant to a February 17, 1992 purchase and sale agreement. Notice of the proposed sale was given by mail to the U.S. Trustee and the bankrupt's creditors. The notice provided in part that objections to the proposed sale should be made in writing no later than March 11, 1992. No objections were made and the bankruptcy court entered the order confirming the sale on March 16, 1992.

On May 11, 1992, South County Sand and Gravel, Inc. (South County) filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure asking the bankruptcy court to set aside the March 16, 1992 order, asserting that it would enter into an agreement for the purchase of the real estate on terms more favorable to the Bankrupt estate. This motion was granted on July 24, 1992 to the extent of vacating the earlier confirmation of sale and further directing that the property be rebid. South County did not receive actual notice of the March confirmation of sale proceedings.

South County argues that its proposal is more favorable than that proffered by Cedar Island. It argues that it will pay a higher deposit, will pay a higher total purchase price secured by a first mortgage and will make payment of the total purchase price within five years. It contends that Cedar Island would be allowed an unlimited time to pay the total purchase price. Each of the parties seeks to build 100 residential units in an area now zoned commercial. The Cedar Island purchase and sale agreement was conditioned on approval of

100 units while South County's proposal provides for a reduction of the purchase price depending upon how many fewer than 100 units are authorized under local and State permitting procedures.

Cedar Island contends that South County has no standing to press its Rule 60(b) motion because it is not a party to the proceeding. Cedar Island characterizes South County's motion as an effort to circumvent deadlines established by the bankruptcy court. As a result, Cedar Island claims that there are not sufficient grounds to vacate the prior confirmation order.

In response, South County contends that it has standing because notice by publication of the proposed sale was not given as required by Rule 22 of the Local Rules of Procedure of the Bankruptcy Court. Rule 22 provides:

> In liquidating Chapter 11 cases, so called, in which all or substantially all of the assets of the debtor are being sold, an advertisement of said sale shall be placed in a newspaper of general circulation. The cost of the advertisement will be an administrative expense and will be paid promptly by the debtor or trustee, if any, from the proceeds of the sale. Upon application to the Court, this Rule may be waived if circumstances in a particular case so warrant.

Accordingly, South County asserts that the motion was timely because it was filed within a year of the questioned order as required by Rule 60(b). Finally, South County argues that the bankruptcy court did not abuse its discretion because Cedar Island could not obtain permits for 100 units and hence their agreement would never be satisfied.

Cedar Island, on the other hand, argues that lack of publication is not a sufficient basis for vacating the March 16, 1992 order. Cedar Island contends that the rule is frequently overlooked in the sale of property and, in any event, the bankruptcy court waived the rule.

## II. Discussion

Cedar Island makes two arguments in favor of reversing the bankruptcy court's set aside of the confirmed sale. First, appellant claims that South County lacked standing to bring a Rule 60(b) motion. Second, appellant asserts that the bankruptcy judge abused his discretion in setting aside the confirmed sale.

### A. *Standing Under Rule 60(b).*

An order confirming a sale of assets is considered a final judgment. *Matter of Met–L–Wood Corp.*, 861 F.2d 1012, 1016 (7th Cir.1988), *cert. denied, Gekas v. Pipin*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989). Following the applicable appeal period, Rule 60(b) of the Federal Rules of Civil Procedure is the sole means, with the exception of bringing an independent action, to challenge a final judgment. Fed.R.Civ.P. 60(b). Bankruptcy Rule 9024 makes Rule 60(b) applicable to cases under the Bankruptcy Code. Accordingly, once the appropriate appeal period has run, confirmed sales can be set aside only by a Rule 60(b) motion to vacate the judgment. *Matter of Met–L–Wood Corp.*, 861 F.2d at 1018. Rule 60(b) provides, in pertinent part:

> (b) ... On motion and upon such terms as are just, the court may relieve a *party or a party's legal representative* from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b) (emphasis added). Cedar Island contends that South County lacks standing to bring a Rule 60(b) motion because it is not a party or a party's legal representative in this matter.

A district court faced with a motion by a nonparty to vacate a judgment should apply the same standards it would apply in deciding whether a nonparty has standing to challenge a judgment on appeal. *Citibank Int'l v. Collier–Traino, Inc.*, 809 F.2d 1438, 1440–41 (9th Cir.1987). Due to the nature of bankruptcy litigation, which is ripe with nonparty litigants, the right of appellate review in bankruptcy proceedings is limited to "persons aggrieved" by the bankruptcy court order. *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir.1987). Whether a litigant is a "person aggrieved" is generally a question of fact. *Id.* at 154 n. 3. "A litigant qualifies as a 'person aggrieved' if the order diminishes his property, increases his burdens, or impairs his rights." *Id.* In addition, some courts have stated that "to satisfy the standing requirement, the 'plaintiff's complaint [must] fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.'" *See, e.g., In re HST Gathering Co.*, 125 B.R. 466, 467 (W.D.Tex.1991) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474–75, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982)).

Applying this analysis, the court in *In re HST Gathering Co.*, held that an unsuccessful bidder for assets of the bankruptcy estate lacked standing to appeal an order of the bankruptcy court refusing to accept any of the bids tendered and ordering that bidding be reopened. 125 B.R. at 468. The court pointed out that the appellant submitted his bid with full knowledge that the court and trustee were not required to accept any bid at all and therefore appellant was not an "aggrieved person" merely because of expenses incurred in the preparation of his bid. *Id.* Furthermore, the court reasoned that "the statutes governing the sale of assets of bankruptcy estates are intended to protect the creditors of such estates and not prospective purchasers." *Id.* Accordingly, the court held that the appellant lacked standing because he was not within the zone of interests intend-

ed to be protected under the bankruptcy statute. *Id.*

Similarly, in *Big Shanty Land Corp. v. Comer Properties, Inc.*, an unsuccessful bidder for the debtor's sole asset was denied standing to appeal. 61 B.R. 272, 277 (N.D.Ga.1985). In *Big Shanty Land Corp.*, the debtor's sole asset was a valuable piece of undeveloped real estate. *Id.* at 276. After a heated bidding contest, the debtor finally accepted the appellant's bid. *Id.* The bankruptcy court, however, denied the debtor's motion to sell the real estate. *Id.* In determining that the appellant lacked standing to appeal, the court noted that the bankruptcy court's "denial of [the] debtor's [ ] motion had 'no direct and immediate impact' on whatever interest [appellant] may have had." *Id.* at 277. The court explained that the bankruptcy court merely subjected the contract of sale to Chapter 11 safeguards. *Id.* Accordingly, the court held that the appellant was not a "person aggrieved." *Id.*

The case before the court differs from *In re HST Gathering Co.* and *Big Shanty Land Corp.* South County is not an unsuccessful bidder attempting to appeal an order confirming a sale of assets to a competing bidder. Rather, South County is a potential bidder that was denied the opportunity to bid because Cedar Island failed to publish notice of the sale pursuant to Rule 22 of the Local Rules of the Bankruptcy Court for the District of Rhode Island. South County moved to vacate the confirmed sale not because it didn't like the rules of the game, but because it never got to play at all. In its capacity as a potential bidder, South County is a "person aggrieved" because its right to bid on, and possibly acquire, the property was severely impaired.

Furthermore, the comment to Local Rule 22 states that "this Rule is intended to preclude persons who are not ... entitled to notice under [Bankruptcy Code] Rule 2002 from later claiming that they were not aware of the sale." South County, therefore, is not only within the zone of interests, but is precisely the type of party intended to be protected under Local Rule

22. *See In re HST Gathering Co.,* 125 B.R. at 468. Although the bankruptcy court certainly had the ability to waive compliance with Local Rule 22 for good cause, *see In re Canipe,* 20 B.R. 81, 83 (W.D.N.C.1982), there is no indication that waiver of the rule was intended here. As a result, because South County is a person aggrieved and is also within the zone of interests protected by the bankruptcy rule, it has standing to bring its Rule 60(b) motion.

## B. *The Bankruptcy Court's Set Aside of the Confirmed Sale*

The Bankruptcy Rules provide the appropriate standard of review to be applied to an appeal to this court from a decision of the bankruptcy court. The district court operates as an appellate court and is authorized to affirm, reverse, or modify the bankruptcy court's ruling or to remand the case for further proceedings. Fed.R.Bankr.P. 8013. The district court may review the bankruptcy court's conclusions of law *de novo. In re American Freight System,* 126 B.R. 800, 802 (D.Kan. 1991). The bankruptcy court's findings of fact, however, "shall not be set aside unless clearly. erroneous." Fed.R.Bankr.P. 8013.

Although a bankruptcy court possesses "broad initial discretion in granting or denying confirmation [of a sale of assets]," this range of discretion narrows considerably when a bankruptcy court is determining whether to set aside a prior confirmation order. *In re WPRV–TV, Inc.,* 983 F.2d 336, 340 (1st Cir.1993). Accordingly, a bankruptcy court usually may set aside a confirmed sale only if "there was fraud, unfairness, or mistake in the conduct of the sale...." *M.R.R Traders, Inc. v. Cave Atlantique, Inc.,* 788 F.2d 816, 818 (1st Cir.1986) (citation omitted). Despite the strict standard for setting aside confirmed sales, a bankruptcy court's decision to set aside a confirmation order will be upheld unless the decision is an abuse of discretion. *In re CADA Investments, Inc.,* 664 F.2d 1158, 1162 (9th Cir.1981). Failing to apply the correct standard or setting aside a confirmed sale because of minor errors would constitute an abuse of discretion. *In re Chung King, Inc.,* 753 F.2d 547, 550 (7th Cir.1985).

In reviewing the bankruptcy court's set aside, this court recognizes that "[t]he reluctance to set aside confirmed sales reflects a desire to promote the finality of judicial sales." *In re CADA Investments, Inc.,* 664 F.2d at 1162. It is very true that "[i]f parties are to be encouraged to bid at judicial sales there must be stability and a time must come when a fair bid is accepted and the proceedings are ended." *In re Webcor,* 392 F.2d 893, 899 (7th Cir.), *cert. denied,* 393 U.S. 837, 89 S.Ct. 113, 21 L.Ed.2d 107 (1968). This principle of finality, therefore, "serves as the counterweight to the [bankruptcy] court's discretion." *In re WPRV–TV, Inc.,* 983 F.2d at 341 (1st Cir.1993). Thus, confirmed sales may be vacated only when compelling equities outweigh the interest in finality. *In re F.A. Potts and Co., Inc.,* 93 B.R. 62, 64 (E.D.Pa. 1988), *aff'd,* 891 F.2d 280 (3rd Cir.1989), *and aff'd,* 891 F.2d 282 (3rd Cir.1989).

South County argues that the confirmation order should be set aside because it will pay a higher total purchase price for the property than Cedar Island. Cedar Island claims that South County's proposed purchase price is at best only slightly higher than Cedar Island's. It makes no difference. Following a confirmation order, "the offer of a substantially higher sale price alone is insufficient to set aside a confirmed sale unless the initial sale price is so grossly inadequate as to shock the conscience of the court." *In re Chung King, Inc.,* 753 F.2d at 550. There is no evidence that the Cedar Island sale price was grossly inadequate. Were this the grounds for the bankruptcy court's decision, this court would have no choice but to reverse the set aside. The bankruptcy court acknowledged, however, that it was not "too much influenced by whose offer is better." (Tr. p. 40). The court turns then to other circumstances of the case in search compelling equities which justify the set aside.

As a matter of law, the bankruptcy court stated that its decision was not influenced by the lack of notice. As a matter of fact, however, the bankruptcy judge stated, "I don't think there's any question that South County [ ] had no notice, but I suppose there are lots of people who didn't know about this sale." (Tr. p. 40) Case law in this area reveals that "[b]y far the most frequent mistake or infirmity held to warrant vacating a confirmed sale is defective notice to interested parties of the judicial sale." *In re Chung King, Inc.*, 753 F.2d at 551 (citing a list of exemplary cases). Local Rule 22, which Cedar Island failed to comply with in this case, is an extension of the Bankruptcy Rule 2002, concerning notice to interested parties. The policy of promoting finality in judicial sales is premised upon the assumption that the confirmed sale itself was conducted fairly. A lack of proper notice corrupts the judicial sale process at its very roots. Without notice, the number of bidders at a judicial sale is limited and the goal of obtaining the optimum sale price for the debtor's assets is frustrated. Accordingly, Cedar Island's failure to comply with Local Rule 22 is most certainly a compelling equity which counterweights the principle of finality in this case.

The bankruptcy court also made findings of fact that circumstances surrounding certain pending local approvals, upon which Cedar Island's purchase is conditioned, "create[ ] enough reason for doubt as to the doability (sic) of [Cedar Island's] agreement." (Tr. p. 40). Recently, in *In re WPRV–TV, Inc.*, the First Circuit held that obstacles encountered by a purchaser, which shroud a confirmed sale in a cloud of uncertainty, can amount to compelling equities warranting the set aside of the confirmed sale. 983 F.2d at 341. In that case, the court affirmed a district court order setting aside a confirmed sale of the debtor's television station. *Id.* at 343. In reaching its decision, the First Circuit took into consideration the fact that the purchaser "might face additional obstacles in obtaining approval of the license transfer from the FCC." *Id.* at 341. Similarly, the bankruptcy court determined that Cedar Island likely will encounter obstacles in obtaining the necessary local approval for its planned development on the sale property. Given the compelling equities at hand, it cannot be said that the bankruptcy court's decision to set aside its prior order confirming the sale of real estate to Cedar Island was an abuse of discretion.

### III. Conclusion

For the reasons stated herein, the judgment of the bankruptcy court is *affirmed*.