**34**

In re **BROADMOOR PLACE INVESTMENTS, L.P.,** Debtor.

**G–K DEVELOPMENT COMPANY, INC., Appellant,**

v.

**BROADMOOR PLACE INVESTMENTS, L.P., et al., Appellees.**

Civ. A. No. 93–2059–O.
Bankruptcy No. 89–21736–11.

United States District Court,
D. Kansas.

July 15, 1993.

Ronald L. Gold, Shawnee Mission, KS, for G–K Development Co., Inc.

James M. Holmberg, Lentz & Clark, P.A., Overland Park, KS, Russell C. Leffel,

Shawnee Mission, KS, for Broadmoor Place Investments, L.P.

Roy H. Farchmin, John W. McClelland, Wirken & King, P.C., Kansas City, MO, for Forrest L. Robinson.

Scott A. Long, Sherman A. Botts, Lathrop & Norquist, Kansas City, MO, for Resolution Trust Corp.

Sherman A. Botts, Lathrop & Norquist, Kansas City, MO, for Blue Valley Federal Sav. and Loan.

Frank P. Barker, Barker, Rubin & Pummill, P.C., Kansas City, MO, for Carteret Sav. & Loan.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of appellee Resolution Trust Corporation ("RTC") to dismiss this appeal of an Order Authorizing Disbursement of Sale Proceeds and Modifying Automatic Stay entered by the United States Bankruptcy Court for the District of Kansas on January 29, 1993 (Case No. 89–21736–11) (Doc. # 2). For the reasons set forth below, appellee's motion will be granted.

This dispute arises from the sale of property known as Broadmoor Place. The debtor, Broadmoor Place Investments, L.P., filed a Chapter 11 petition on October 31, 1989. At that time, the debtor owed appellee RTC, as receiver of Blue Valley Federal Savings and Loan Association, $8,055,256.76, plus accruing interest, attorney's fees, collection costs, and other charges. The debt was secured by a first and prior perfected security interest in the Broadmoor Place office building.

In June 1990, both appellant G–K Development Company, Inc. ("G–K") and appellee Forrest L. Robinson submitted bids to purchase the Broadmoor Place property. After a September 10, 1990, hearing, the bankruptcy court issued orders on September 14, 1990, and November 1, 1990, approving the sale of the property to Robinson. G–K appealed the orders authorizing the sale and both the district court and the

Tenth Circuit affirmed the bankruptcy court.

In the interim,[1] the bankruptcy court entered the order at issue here authorizing the disbursement of the sale proceeds. G–K now challenges that order authorizing disbursement. Appellee seeks dismissal of this appeal on the grounds that G–K does not have standing to challenge the order authorizing the disbursement of the sale proceeds because G–K was not an "aggrieved person." G–K filed its only objection to RTC's motion to dismiss on June 15, 1993, stating that the court should not decide this motion to dismiss until the Tenth Circuit ruled on G–K's pending motion for rehearing. G–K's motion for rehearing has since been denied and the mandate issued June 25, 1993.

■ We hold that G–K lacks standing to appeal the bankruptcy court's order authorizing disbursement of the sale proceeds. G–K was merely an unsuccessful bidder for the Broadmoor property and not an "aggrieved person" as is required for standing to challenge the bankruptcy court's decision. *G–K Development Co. v. Broadmoor Place Inv., et al.,* 994 F.2d 744, 746 n. 2 (10th Cir.1993); *Holmes v. Silver Wings Aviation, Inc.,* 881 F.2d 939, 940 (10th Cir.1989); *In re HST Gathering Co.,* 125 B.R. 466, 468 (Bankr.W.D.Tex.1991).

■ Moreover, given the Tenth Circuit's ruling affirming the bankruptcy court's order authorizing the sale, we see no merit in G–K's challenge to the disbursement of the proceeds from that sale. The Tenth Circuit noted that without a stay pending appeal, a reversal or modification on appeal of an authorization "of a sale or lease of property does not affect the validity of a sale" to a good faith purchaser. *G–K Development Co.,* 994 F.2d at 746 n. 3 (citing 11 U.S.C. § 363(m)). If G–K had no basis for challenging the validity of the sale, we find no basis for G–K's present challenge to the disbursement of the proceeds from that sale. Accordingly, we would affirm the bankruptcy court's order approving the dis-

bursement of the proceeds from the sale on the merits.

IT IS THEREFORE ORDERED that appellee's motion to dismiss (Doc. # 2) is granted and this appeal is dismissed.

---

1. The bankruptcy proceedings were not stayed during the pendency of the appeals.