FILED
COURT OF APPEALS
DIVISION II

2014 AUG 19 AM 9: 36

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

.BATTLE GROUND PLAZA, LLC,

    Appellant/Cross Respondent,

v.

DEAN MALDONADO and JANE DOE MALDONADO, husband and wife and their marital community; MILLS END, LLC; MILLS END CENTER, LLC; DRKBG, LLC; DOUGLAS RAY; and IRWIN JESSEN;

    Respondents/Cross Appellants.

No. 43874-7-II

UNPUBLISHED OPINION

MELNICK, J. — Battle Ground Plaza LLC (BG Plaza LLC) appeals the superior court's (1) grant of summary judgment for Douglas Ray and the Estate of Irwin Jessen (Jessen) on its right of first refusal claim; (2) denial of summary judgment on its seniority claim against Dean Maldonado; and (3) award of attorney fees and costs to Ray and Jessen. Ray and Jessen contracted to sell the Battle Ground Plaza Shopping Center (BG Plaza Property) to BG Plaza LLC. The contract included a right of first refusal provision for an adjacent 0.5 acre undeveloped parcel (undeveloped parcel).

First, BG Plaza LLC argues the superior court erred by granting summary judgment for Ray and Jessen because they failed to comply with the right of first refusal provision. BG Plaza LLC argues Ray and Jessen contracted to sell the undeveloped parcel to Maldonado without advising BG Plaza LLC of the "Reciprocal Easement Agreement" for parking it entered into with

Maldonado as part of the undeveloped parcel sale. But the bankruptcy court previously approved the sale of the undeveloped parcel to Maldonado and issued a final order on the sale. Thus, BG Plaza LLC's claim is precluded under the doctrine of collateral estoppel and is an improper collateral attack. We affirm the superior court's grant of summary judgment in favor of Ray and Jessen.

Second, BG Plaza LLC argues the superior court erred by denying its motion for summary judgment on its seniority claim because its rights to the BG Plaza Property are senior to any right Maldonado received in the Reciprocal Easement Agreement. Because the sale of the BG Plaza Property has not closed, BG Plaza LLC does not have an ownership interest in the BG Plaza Property. Thus, BG Plaza LLC's seniority claim is merely hypothetical and speculative and does not present an actual, present, and existing dispute that is ripe for review.[1] We affirm the superior court's denial of BG Plaza LLC's summary judgment motion.

Last, BG Plaza LLC argues the superior court abused its discretion when awarding Ray and Jessen attorney fees and costs and denying its request for an offset of attorney fees. We disagree and affirm the superior court's award of attorney fees.

We affirm the trial court's grant of summary judgment in favor of Ray and Jessen, its denial of BG Plaza LLC's summary judgment motion, and its award of attorney fees.

---

[1] This argument is more appropriately discussed in terms of the respective parties' rights in the BG Plaza Property pursuant to the purchase and sale agreements and the Reciprocal Easement Agreement. But because this issue is not ripe for review and we do not reach a decision on it, we address it in terms of the parties argued seniority claim.

FACTS

## I. BACKGROUND

As of 2000, Ray and Jessen owned the BG Plaza Property and an adjacent undeveloped parcel in the City of Battle Ground. On August 10, 2000, Ray filed for relief under Chapter 11 of the United States Bankruptcy Code.

In December 2000, Ray and Jessen entered a purchase and sale agreement to sell the BG Plaza Property (BG Plaza Agreement) to Bruce Feldman, Inc., who later assigned its interest as purchaser to BG Plaza LLC. The BG Plaza Agreement granted BG Plaza LLC a right of first refusal to purchase the adjacent undeveloped parcel.[2]

On June 8, 2001, the bankruptcy court approved the sale of the BG Plaza Property to BG Plaza LLC. In March 2002, the bankruptcy court approved Ray's third amended plan. This plan included the sale of both the jointly owned BG Plaza property to BG Plaza LLC and the

---

[2] Specifically, the right of first refusal states:

> Seller grants to Purchaser a "Right of First Refusal" with respect to the land owned by Seller (consisting of approximately a half acre) that is immediately adjacent to the Property Purchaser is buying from Seller pursuant to this contract. This Right of First Refusal means that Seller may not sell or become contractually obligated to sell the adjacent parcel without giving written notice to Purchaser of all of the terms and conditions upon which Seller is willing to sell the adjacent property and giving Purchaser the opportunity to buy the adjacent land on those terms. Purchaser shall have seventy-two (72) hours from receipt of any such written notice within which to accept Seller's offer by serving a written and signed acceptance upon Seller. If Purchaser fails to communicate acceptance of the offer within 72 hours of receipt, then Purchaser's Right of First Refusal shall lapse as to that particular offer and Seller may sell it upon the stated terms to someone else. In the event that Seller . . . becomes willing to sell upon terms that are different than those contained in the original notice, then Purchaser's Right of First Refusal shall again apply and must be satisfied (including a new notice) before sale or voluntary transfer of the adjacent property to any other party.

Clerk's Papers (CP) at 119.

undeveloped parcel. Under the plan, the undeveloped parcel was to be sold either under the terms of the right of first refusal or to another third party should BG Plaza LLC not elect to exercise its right of first refusal.

On May 18, 2005, Ray and Jessen entered a purchase and sale agreement to sell the undeveloped parcel (Parcel Agreement) to Maldonado. The Parcel Agreement included a provision that Maldonado's "obligation to purchase the Property [was] conditioned on . . . *__Review and acceptance of the cross parking agreements__*."[3] Clerk's Papers (CP) at 69 (emphasis in original). The Parcel Agreement also required Ray and Jessen to deliver to Maldonado within ten days after the execution date a copy of a "*__[c]ross easement for access and parking__*" document. CP at 70 (emphasis in original). On May 31, Maldonado signed an addendum to the Parcel Agreement that referenced the BG Plaza Agreement and BG Plaza LLC's right of first refusal for the undeveloped parcel.

On May 27, BG Plaza LLC received notice of the Parcel Agreement. BG Plaza LLC neither exercised nor declined to exercise its right of first refusal, claiming that its right of first refusal was not ripe until its purchase of the BG Plaza Property closed. On July 5, the bankruptcy court approved the sale of the undeveloped parcel to Maldonado. BG Plaza LLC never appealed this order.

On October 8, Maldonado, Ray, and Jessen amended the Parcel Agreement, reducing the purchase price and extending the closing date. On October 18, BG Plaza LLC received notice of the amended Parcel Agreement and, on October 21, gave Ray and Jessen notice of its intent to exercise its right of first refusal. At the same time it provided a $5,000 promissory note and stated

---

[3] The cross parking agreement would allow patrons of BG Plaza Property and any establishment built on the undeveloped parcel to utilize parking available on both lots.

that principal and interest would be payable by December 19. Shortly thereafter, Ray moved the bankruptcy court to approve the modified sale of the undeveloped parcel to Maldonado. BG Plaza LLC objected to the proposed sale and asserted the sale violated the conditions of its right of first refusal. It also requested all cross parking agreements and other documents pertaining to both properties from Ray and Jessen. Jessen's counsel did not respond to BG Plaza LLC's request.

On November 1, the bankruptcy court approved the sale of the undeveloped parcel to Maldonado with the revised sale price. The bankruptcy court ruled that the sale was "free and clear of liens and encumbrances pursuant to 11 USC § 363, including but not limited to the right of first refusal granted to Battle Ground Plaza, LLC, and the deed of trust granted to Battle Ground Plaza, LLC, by Irwin P. Jessen in favor of Battle Ground Plaza, LLC." CP at 178. The bankruptcy court found that BG Plaza LLC's attempted exercise of its right of first refusal failed to mirror the Parcel Agreement. Subsequently, the bankruptcy court denied BG Plaza LLC's motion for reconsideration. BG Plaza LLC did not appeal the bankruptcy court's approval of the undeveloped parcel sale to Maldonado or the order denying its motion for reconsideration.

In November 2005, the undeveloped parcel sale closed; shortly thereafter Ray, Jessen, and Maldonado executed and recorded a Reciprocal Easement Agreement. The sale of the undeveloped parcel enabled Ray to pay the remaining creditors' claims under the terms of his chapter 11 plan and, on December 29, the bankruptcy court entered a final decree closing Ray's bankruptcy case.

II.    PROCEDURAL HISTORY

In June 2006, BG Plaza LLC first learned of Ray, Jessen, and Maldonado's Reciprocal Easement Agreement. On July 5, BG Plaza LLC commenced a lawsuit in Clark County Superior Court against Ray, Jessen, Maldonado, and Maldonado's successor entities for specific

performance,[4] damages, and declaratory relief, arguing that Ray and Jessen had failed to comply with the terms of BG Plaza LLC's right of first refusal because they did not advise BG Plaza LLC of their intent to execute the Reciprocal Easement Agreement.

Maldonado, joined by Ray and Jessen, moved to dismiss the lawsuit on the basis that the superior court lacked subject matter jurisdiction. The superior court remanded the case to the United States Bankruptcy Court for the Western District of Washington for a determination of whether it had retained jurisdiction. In January 2007, on Ray and Jessen's motion and over BG Plaza LLC's objection, the bankruptcy court reopened Ray's bankruptcy case. On August 29, 2007, the bankruptcy court entered an order retaining jurisdiction over BG Plaza LLC's claim for specific performance and concerning the respective parties' rights under the Reciprocal Easement Agreement.[5]

The Estate of Jessen[6] filed a motion for summary judgment in the bankruptcy court and argued that there were no material issues of fact about whether Ray and Jessen had failed to provide BG Plaza LLC with sufficient notice of all conditions on which they would have sold the undeveloped parcel to Maldonado. The bankruptcy court granted Jessen's motion for summary judgment; ruled that its previous orders approving the sale were final and not subject to collateral

---

[4] At oral argument, BG Plaza LLC abandoned its specific performance claim and stated it is now seeking only damages. Wash. Court of Appeals oral argument, *Battle Ground Plaza, LLC v. Maldonado*, No. 43874-7-II (Apr. 1, 2014), at 6 min., 20 sec.—7 min., 15 sec. (on file with court).

[5] The bankruptcy court's order stated: "[T]his Court shall retain jurisdiction to hear and decide the claim for specific performance made by [BG Plaza LLC], and the US Bankruptcy Court shall reserve jurisdiction at this time over the claim made by [BG Plaza LLC], concerning the rights of the respective parties under the reciprocal easement agreement." CP at 405.

[6] Jessen passed away in September 2006. Eugene Anderson and William Macrae-Smith were appointed as co-personal representatives of his estate and were substituted for Jessen on November 9, 2006.

attack by BG Plaza LLC in state court; and, ruled that, in any event, Ray and Jessen had complied with the terms of the right of first refusal. BG Plaza LLC appealed to the Bankruptcy Appellate Panel of the Ninth Circuit, which affirmed the bankruptcy court's decision. BG Plaza LLC then appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit held the bankruptcy court lacked jurisdiction over the state breach of contract claims, reversed the bankruptcy appellate panel, and remanded with instructions to vacate the bankruptcy court's judgment for lack of jurisdiction.[7]

Before the Ninth Circuit issued its opinion, BG Plaza LLC filed a motion for summary judgment in Clark County Superior Court on its seniority claim. Ray, Jessen, and Maldonado asserted that the bankruptcy court still retained jurisdiction over this claim. The bankruptcy court, however, stated that it would not decide the jurisdictional issue on the seniority claim because it was not ripe.

Following remand to the state superior court, BG Plaza LLC moved for summary judgment and argued that the Reciprocal Easement Agreement was junior to BG Plaza LLC's interest in the BG Plaza Property. Ray and Jessen also moved for summary judgment and argued that BG Plaza LLC's claims were barred by the bankruptcy court's sale order. The superior court denied BG Plaza LLC's motion, ruling that BG Plaza LLC's seniority claim was not ripe because the sale of the BG Plaza Property to BG Plaza LLC had not closed. The superior court granted Ray and Jessen's motion for summary judgment, concluding that BG Plaza LLC's claims were extinguished by the bankruptcy court's November 1, 2005 sale order.

---

[7] The Ninth Circuit stated that the "Clark County Court was perfectly capable of taking jurisdiction and assessing whether BG Plaza [LLC's] claim is precluded given that the sale had already been finalized and approved in the previous bankruptcy proceeding." CP at 263.

III.    ATTORNEY FEES

After the superior court's summary judgment rulings, Ray and Jessen filed a motion for attorney fees and costs in the amount of $229,648.67 pursuant to two prevailing party attorney fee provisions in the BG Plaza Agreement.[8]  The superior court denied this motion and stated (1) it would not award fees under CR 11 and RCW 4.84.185; (2) it would consider only those fees from the bankruptcy court proceedings "that can be allocated to the support of the Court's order for summary judgment" and that "there is going to have to be a tie-in of how those bankruptcy proceeding matters related to the Court's ultimate entry . . . of the order for summary judgment"; (3) it would not award any attorney fees related to BG Plaza LLC's seniority claim; and (4) the fees requested must be reasonable considering the multiple attorneys and paralegals that participated.  Report of Proceedings (RP) at 5.

In response to the superior court's oral ruling, Ray and Jessen submitted an amended motion for attorney fees and costs in the amount of $100,114.77.  This fee request included $12,463.00 for the services of Michael Higgins, who had initially represented Ray; $990.00 for the services of Timothy Dack, who had initially represented Jessen; and $86,661.77 for the services of Bullivant Houser Bailey, who represented both Ray and Jessen.

---

[8] BG Plaza Agreement provision 10 states:

> In the event suit or action is instituted by Seller, Purchaser, Purchaser's Agent or Seller's Agent to enforce or declare the meaning of any of the terms of this contract, the prevailing party shall be entitled to recover such sum as the court may adjudge reasonable as attorney fees at trial and on any appeal of any such suit or action, in addition to all other sums provided by law.

CP at 107.  And BG Plaza Agreement provision 29(C) states:  "Anything to the contrary herein notwithstanding, in the event of any litigation arising out of this contract, the court may award to the prevailing party all reasonable costs and expenses, including attorneys' fees."  CP at 116.

The superior court granted Ray and Jessen's amended motion for attorney fees in a letter ruling without providing any findings of fact or conclusions of law and without providing any explanation for its ruling. It awarded $3,170.00 for Michael Higgins's services, $137.50 for Timothy Dack's services, and $90,250.00 ($3,588.23 more than requested) for Bullivant Houser Bailey's services. BG Plaza LLC appeals the superior court's dismissal of its lawsuit and award of attorney fees to Ray and Jessen.[9]

During the pendency of this appeal, and because the superior court had not entered findings of fact and conclusions of law on its attorney fee award, we remanded the case for entry of findings of fact and conclusions of law. On remand, the superior court entered findings and conclusions and also corrected an error in its initial fee award and instead awarded a total of $82,803.67 in attorney fees and costs to Ray and Jessen. BG Plaza LLC timely appeals.

ANALYSIS

I.     RIGHT OF FIRST REFUSAL CLAIM

The superior court concluded BG Plaza LLC's claim seeking to enforce its right of first refusal by specific performance or for an award of damages was "extinguished" by the bankruptcy court's November 1, 2005 sale order pursuant to 11 U.S.C. § 363. On appeal, BG Plaza LLC argues that the bankruptcy court's November 1, 2005 sale order cannot be given such "preclusive

---

[9] Ray and Jessen initially appealed the superior court's first denial of their request for attorney fees and costs. But following the superior court's subsequent award of attorney fees, they did not pursue their appeal and, instead, requested that we affirm the superior court's award of attorney fees and costs.

effect."[10] Appellant's Br. at 16. Because the bankruptcy court's November 1, 2005 sale order concluded that the sale was free and clear of liens and encumbrances, which included BG Plaza LLC's right of first refusal, BG Plaza LLC is collaterally estopped from seeking to enforce its right of first refusal and may not now collaterally attack the sale order in state court.

"'[C]ollateral estoppel is intended to prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation.'" *Christensen v. Grant County Hosp. Dist. No. 1*, 152 Wn.2d 299, 306, 96 P.3d 957 (2004) (quoting *Luisi Truck Lines, Inc. v. Wash. Utils. & Transp. Comm'n*, 72 Wn.2d 887, 894, 435 P.2d 654 (1967)). Once a party has had a full and fair opportunity to litigate an issue, the party is precluded from litigating that same issue in subsequent actions. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561, 852 P.2d 295 (1993). Issues litigated in federal court are precluded from relitigation in state court. *See Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 268-69, 956 P.2d 312 (1998). Collateral estoppel requires that the party seeking application of the doctrine establish that:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Christensen*, 152 Wn.2d at 307. We review de novo whether collateral estoppel bars an action. *City of Walla Walla v. $401,333.44*, 150 Wn. App. 360, 365, 208 P.3d 574 (2009).

---

[10] BG Plaza LLC also argues that its state superior court suit "is an altogether proper independent action that can set aside an order allowing the sale of property as allowed by [Federal Rules of Civil Procedure] FRCP 60(d)(1)" or FRCP 60(d)(3). Appellant's Reply Br. at 3-5. BG Plaza LLC, however, did not file an FRCP 60(d) motion and, instead, collaterally attacked the sale order in its state superior court action. Thus, this argument fails.

Here, collateral estoppel bars BG Plaza LLC's right of first refusal claim because all four parts of the test have been met. First, the instant case and the bankruptcy case involve the same issue: BG Plaza LLC's ability to enforce its right of first refusal. The bankruptcy court's November 1, 2005 sale order approved the sale of the undeveloped parcel to Maldonado "free and clear of liens and encumbrances pursuant to 11 USC § 363, including but not limited to the right of first refusal granted to Battle Ground Plaza, LLC." CP at 178. The bankruptcy court also determined that BG Plaza LLC's attempt to exercise its right of first refusal was insufficient because the terms of its offer were different from those in the Parcel Agreement. Accordingly, an issue decided in the earlier bankruptcy proceeding was identical to the issue presented to the superior court.

Second, the bankruptcy court sale order was a final judgment on the merits. *See Third Nat'l Bank v. Fischer (In re Fischer)*, 184 B.R. 293, 301 (Bankr. M.D. Tenn. 1995) (quoting *Cedar Island Builders, Inc. v. S. County Sand & Gravel, Inc.*, 151 B.R. 298, 300 (D. R.I. 1993)); *see also In re Sax*, 796 F.2d 994, 996 (7th Cir. 1986) (holding that bankruptcy sale orders are final decisions).

Third, BG Plaza LLC participated in the earlier bankruptcy proceeding regarding the sale order. BG Plaza LLC received notice of the hearing and the bankruptcy court fully considered BG Plaza LLC's attempted exercise of its right of first refusal before approving the sale of the undeveloped parcel to Maldonado free and clear of BG Plaza LLC's right of first refusal. *See Am. Linen Supply Co. v. Nursing Home Bldg. Corp.*, 15 Wn. App. 757, 766-67, 551 P.2d 1038 (1976) (holding that collateral estoppel is proper if "the party against whom the estoppel is claimed has had the opportunity to fairly and fully present that party's case").

Finally, application of collateral estoppel here does not work an injustice on BG Plaza LLC because it had a full and fair hearing on the right of first refusal issue. "The determination of whether application of collateral estoppel will work an injustice on the party against whom the doctrine is asserted—the fourth element—depends primarily on 'whether the parties to the earlier proceeding received a full and fair hearing on the issue in question.'" *Clark v. Baines*, 150 Wn.2d 905, 913, 84 P.3d 245 (2004) (quoting *Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 795-96, 982 P.2d 601 (1999)). BG Plaza LLC received notice of the hearing and filed an objection to the approval of the sale of the undeveloped parcel to Maldonado. Despite BG Plaza LLC's objection and attempted exercise of its right of first refusal, the bankruptcy court approved the sale of the undeveloped parcel to Maldonado free and clear of BG Plaza LLC's right of first refusal after a hearing on the issue. The bankruptcy court also determined that BG Plaza LLC's attempted exercise of its right of first refusal failed to mirror the Parcel Agreement and was improperly exercised. Thus, applying collateral estoppel does not work an injustice on BG Plaza LLC.

Further, a bankruptcy sale order under 11 U.S.C. § 363 for property sold free and clear of all liens "is shielded from collateral attack not by res judicata, but by virtue of the nature of rights transferred under 11 U.S.C. § 363." *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 732 (8th Cir. 2004). Once the bankruptcy court has approved the sale, the sale order is not subject to collateral attack because the approval of a sale under § 363 is an *in rem* proceeding that is good as against the world, not just those who were actual parties to the proceedings. *Regions Bank*, 387 F.3d at 732 (quoting *Gekas v. Pipin*, 861 F.2d 1012, 1017 (7th Cir. 1988)). "A collateral attack is an attempt to impeach a judgment in an action *other than* that in which it was rendered." *Cassell v. Portelance*, 172 Wn. App. 156, 165, 294 P.3d 1 (2012) (citing *Batey v. Batey*, 35 Wn.2d 791, 798, 215 P.2d 694 (1950)). The relief BG Plaza LLC is seeking—now only damages because, at

12

oral argument before our court, it abandoned its claim for specific performance—would have the effect of impeaching the bankruptcy court's November 1, 2005 sale order.

Other than appealing the sale order, the appropriate method to attack a court-approved sale is by a motion to vacate the sale under FRCP 60(b). *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-70, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010). The finality of bankruptcy court orders following the conclusion of direct review would ordinarily prevent a party from challenging the orders' enforceability; however, FRCP 60(b) provides an exception to finality and allows a party to seek relief from a final judgment under a limited set of circumstances, including newly discovered evidence or fraud. FRCP 60(b)(2)-(3); *United Student Aid Funds*, 559 U.S. 269-70; *see also Valley Nat'l Bank of Ariz. v. Needler*, 922 F.2d 1438, 1442 (9th Cir. 1991) (affirming an order imposing FRCP 11 sanctions against a debtor's counsel because debtor's counsel collaterally attacked a sale order and did not seek "any review, reconsideration, or stay of the bankruptcy court's order").

We hold that BG Plaza LLC is collaterally estopped from seeking to enforce its right of first refusal and may not now collaterally attack the sale order in state court. We affirm the superior court's grant of summary judgment on the right of first refusal issue.

II.    SENIORITY CLAIM

BG Plaza LLC requested a finding from the superior court that its rights to the BG Plaza Property and under the Reciprocal Easement Agreement are senior to Maldonado's rights. The superior court concluded this claim was not ripe for review and denied summary judgment for BG Plaza LLC. On appeal, BG Plaza LLC argues its seniority claim is ripe and that the superior court should have found its rights to be senior to Maldonado's. We disagree. Because the sale of the

BG Plaza Property has not yet closed, any dispute regarding who has seniority rights has not yet come to fruition. BG Plaza LLC's seniority claim is not a justiciable controversy.

Before a court may rule by declaratory judgment, a justiciable controversy must exist. *Walker v. Munro*, 124 Wn.2d 402, 411, 879 P.2d 920 (1994). For declaratory judgment purposes, a justiciable controversy is:

> (1) . . . an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Walker*, 124 Wn.2d at 411 (quoting *Nollette v. Christianson*, 115 Wn.2d 594, 599, 800 P.2d 359 (1990)). In other words, a claim is ripe for judicial determination if the issues raised are primarily legal and do not require further factual development, and the challenged action is final. *First Covenant Church of Seattle v. City of Seattle*, 114 Wn.2d 392, 400, 787 P.2d 1352 (1990), *adhered to on remand*, 120 Wn.2d 203, 840 P.2d 174 (1992). "Absent these elements, the court 'steps into the prohibited area of advisory opinions.'" *Walker*, 124 Wn.2d at 411-12 (quoting *Diversified Indus. Dev. Corp. v. Ripley*, 82 Wn.2d 811, 815, 514 P.2d 137 (1973)).

In this case there is no actual, present, or existing dispute. The sale of the BG Plaza Property has not yet closed and may never close.[11] If the sale does not close, then BG Plaza LLC would have no ownership rights in the BG Plaza Property or the Reciprocal Easement Agreement, and thus would have no rights that could be senior to Maldonado's rights. Where the transaction

---

[11] Throughout the trial proceedings between Ray, Jessen, and BG Plaza LLC regarding the sale of the BG Plaza Property, BG Plaza LLC maintained that it had no obligation to close and that it may never close. Instead, BG Plaza LLC stated it would wait until after the property had been remediated to decide. Additionally, BG Plaza LLC may be unable to close due to its insolvency and because it "owns no tangible property and its obligations exceed its assets." CP at 1751-52.

at issue has not yet occurred or remains a matter of speculation, no justiciable controversy exists. *Diversified Indus. Dev. Corp.*, 82 Wn.2d at 815.

Because BG Plaza LLC does not have an ownership interest in the BG Plaza Property and will not until the closing of the sale, its claim of seniority is merely possible, hypothetical, or speculative. Accordingly, BG Plaza LLC's seniority claim is not ripe because it does not present an actual, present, and existing dispute. We affirm the superior court's denial of summary judgment for BG Plaza LLC on its seniority claim.

III.  ATTORNEY FEES CLAIM

BG Plaza LLC argues the superior court erred by awarding Ray and Jessen attorney fees and failing to award it an offset. We hold the superior court's award of attorney fees and costs was not an abuse of discretion. We also hold the superior court did not abuse its discretion by not awarding BG Plaza LLC an offset of attorney fees for prevailing on the jurisdiction issue in the Ninth Circuit.

We apply a two-part standard of review to a superior court's award of attorney fees: "(1) [W]e review de novo whether there is a legal basis for awarding attorney fees . . . and (2) we review a discretionary decision to award . . . attorney fees and the reasonableness of any attorney fee award for abuse of discretion." *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). The superior court has broad discretion when determining the reasonableness of an attorney fee award. *Hall v. Feigenbaum*, 178 Wn. App. 811, 827, 319 P.3d 61, *review denied*, 180 Wn.2d 1018 (2014). We will overturn the superior court's award only if the superior court's decision is manifestly unreasonable or based on untenable grounds. *Hall*, 178 Wn. App. at 827.

A. ATTORNEY FEES AND COSTS

A superior court may award attorney fees if authorized by a contract, statute, or rule. *Gander*, 167 Wn. App. at 645. Here, the BG Plaza Agreement authorizes attorney fees and costs for the prevailing party for any litigation arising out of the BG Plaza Agreement. Ray and Jessen were the prevailing parties on the right of first refusal claim, which arose from the BG Plaza Agreement. Thus, Ray and Jessen, as the prevailing parties, are entitled to attorney fees on the right of first refusal claim and for attorney fees and costs in presenting their claim for attorney fees.

Next, we review whether the superior court's fee award is manifestly unreasonable or based on untenable grounds. As a general rule, Washington courts calculate reasonable attorney fees based on the lodestar method. *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 81, 272 P.3d 827 (2012). Under this method, the court evaluates whether counsel spent a reasonable number of hours—excluding any wasteful or duplicative hours and any hours pertaining to unsuccessful claims—and whether counsel billed at a reasonable rate. *Smith v. Behr Process Corp.*, 113 Wn. App. 306, 341, 54 P.3d 665 (2002) (citing *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983)). Where an attorney fee award "is authorized for only some of the claims, the attorney fees award must properly reflect a segregation of the time spent on issues for which attorney fees are authorized from time spent on other issues." *Hume v. Am. Disposal Co.*, 124 Wn.2d 656, 672, 880 P.2d 988 (1994). However, determining the attorney "fee award should not become an unduly burdensome proceeding. . . . An 'explicit hour-by-hour analysis of each lawyer's times sheets' is unnecessary as long as the award is made with a consideration of the relevant factors and reasons sufficient for review are given for the amount awarded." *Absher*

*Const. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 848, 917 P.2d 1086 (1995) (quoting *Animal Welfare Soc'y v. Univ. of Wash.*, 54 Wn. App. 180, 187, 773 P.2d 114 (1989)).

BG Plaza LLC makes several arguments regarding the superior court's attorney fee award. BG Plaza LLC claims the superior court erred by (1) awarding more fees than were claimed,[12] (2) awarding fees for time spent on the seniority claim and companion case, (3) awarding fees for time spent in bankruptcy proceedings, (4) awarding fees on duplicative time, (5) awarding fees for time spent after it decided the summary judgment motions, and (6) awarding costs that are considered normal office overhead.

Ray and Jessen submitted detailed time sheets of their attorney fees and costs, which segregated out any charges not related to the right of first refusal claim or its claim for attorney fees. Upon review of these times sheets and the parties arguments regarding attorney fees, the superior court disallowed fees for services unrelated to the right of first refusal claim or attorney fee request. *See* CP at 1844 ("The Court will not and did not award fees and costs relating to unsuccessful claims, and it has for that reason required that Sellers segregate time attributable to Plaintiff's seniority claim."). With the exception of disallowing one attorney's time spent on the summary judgment motion, the superior court found that the time Ray's and Jessen's attorneys claimed they spent was not duplicative and that "it is reasonable that attorneys of different abilities, often with one attorney supervising another, will act on behalf of the client and each will bill the client accordingly." CP at 1837.

---

[12] On remand for entry of findings of fact and conclusions of law for the attorney fees award, the superior court corrected this error and thus, we do not address this argument.

Also, except as specifically disallowed, the superior court determined that the amount of time Ray's and Jessen's attorneys spent to accomplish their tasks was reasonable "in light of the amount at stake, the somewhat complex issues presented, and the need to address (often in depth) each of the issues raised by Plaintiff's attorneys." CP at 1838. The superior court reasonably allowed fees for time spent in bankruptcy court on the right of first refusal issues because the "amount requested include[d] time spent on activities that would be recoverable if those activities were conducted in" the superior court. CP at 1839. Finally, the superior court found that "it is an acceptable and common practice to charge costs separately from fees—i.e., not to include all costs as overhead . . . [and] that it was a common practice of the Bullivant Houser Bailey law firm . . . to bills costs separately from fees." CP at 1837. We hold the superior court's findings and award of attorney fees and costs in the amount of $82,803.67 were not manifestly unreasonable or based on untenable grounds. We affirm the superior court's attorney fee award.

B.    OFFSET

BG Plaza LLC argues it was entitled to an offset of attorney fees for prevailing on the jurisdiction issue in the Ninth Circuit. We disagree.

In a contract dispute where "several distinct and severable claims" are at issue, the proportionality appropriate is more appropriate. *Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993), *abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 200 P.3d 683 (2009). In the proportionality approach, the plaintiff is awarded attorney fees for the claims it prevails upon and likewise the defendant for the claims it prevails upon and then the awards are offset. *Marassi*, 71 Wn. App. at 918.

18

A prevailing party is one who receives an affirmative judgment in its favor. *Cornish Coll. of the Arts v. 1000 Va. Ltd. P'ship*, 158 Wn. App. 203, 231, 242 P.3d 1 (2010); *see also Parmelee v. O'Neel*, 168 Wn.2d 515, 522, 229 P.3d 723 (2010) ("'a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff'") (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)). A "victory in a preliminary injunction is not sufficient to make a plaintiff a prevailing party where that plaintiff eventually loses on the merits, as the victory is 'ephemeral' and the plaintiff has merely won the battle but lost the war." *Parmelee*, 168 Wn.2d at 523 (quoting *Sole v. Wyner*, 551 U.S. 74, 86, 127 S. Ct. 2188, 167 L. Ed. 2d 1069 (2007)). A defendant who successfully defends may also be a prevailing party. *Cornish*, 158 Wn. App. at 231. "If neither wholly prevails, then the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties." *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997) (citing *Marassi*, 71 Wn. App. at 916).

Neither party wholly or substantially prevailed in the Ninth Circuit. BG Plaza LLC initially filed its right of first refusal and seniority claims in state court. Ray and Jessen had the claims transferred to the bankruptcy court. BG Plaza LLC contested the bankruptcy court's jurisdiction, but the bankruptcy court asserted jurisdiction over the right of first refusal claim and declined to assert jurisdiction over the seniority claim because it concluded it was not ripe. The bankruptcy court granted summary judgment in Ray's and Jessen's favor on the right of first refusal claim, which the bankruptcy appellate panel affirmed. The Ninth Circuit held the bankruptcy court and bankruptcy appellate panel lacked jurisdiction to decide the claims and vacated the judgments. Although BG Plaza LLC successfully argued the jurisdiction issue to the Ninth Circuit, it is not a

19

prevailing party because it did not receive an affirmative judgment or relief. BG Plaza LLC did not prevail on the merits of its substantive right of first refusal and seniority claims in the bankruptcy court. It had to relitigate the same claims in state court where it ultimately lost. Accordingly, we hold that the superior court did not abuse its discretion by not awarding an offset.

## IV. ATTORNEY FEES ON APPEAL

Pursuant to the BG Plaza Agreement attorney fees provisions and RAP 18.1, Ray, Jessen, and BG Plaza LLC request attorney fees on appeal. We may award attorney fees on appeal if "allowed by statute, rule, or contract and the request is made pursuant to RAP 18.1(a)." *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 535, 79 P.3d 1154 (2003). The BG Plaza Agreement provisions authorize an award of attorney fees and costs to the prevailing party in the event of any litigation arising out of the BG Plaza Agreement.

BG Plaza LLC's right of first refusal claim arose out of the BG Plaza Agreement. Therefore, because Ray and Jessen prevail on the right of first refusal claim, we award them attorney fees on appeal as to that claim. BG Plaza LLC's seniority claim did not arise out of the BG Plaza Agreement; thus, no parties are entitled to attorney fees on appeal for the seniority claim. Ray and Jessen also prevailed on their attorney fee claim and are entitled to attorney fees as to their attorney fee arguments on appeal.

We affirm the superior court's grant of summary judgment on the right of first refusal claim because the bankruptcy court's sale order was final, and thus BG Plaza LLC's claim is precluded under the doctrine of collateral estoppel and as an improper collateral challenge. We also affirm the superior court's denial of summary judgment on the seniority issue because BG Plaza LLC does not have an ownership interest in the BG Plaza Property because the sale of the BG Plaza Property has not closed. Thus, BG Plaza LLC's seniority claim is merely hypothetical and

speculative and does not present an actual, present, and existing dispute that is ripe for review. We also affirm the superior court's award of attorney fees and costs for Ray and Jessen.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Hunt, J.

_____
Worswick, J.